1  DEBORAH A. COOKSEY, State Bar No. 118197
   MARTIN H. KRESSE, State Bar No. 048132
2  DANIELLE M. HOUCK, State Bar No. 197972
   MICHAEL L. SMITH, State Bar No. 217751
3  OAKLAND UNIFIED SCHOOL DISTRICT
   1025 Second Avenue, Room 406
4  Oakland, CA  94606
   Telephone:  (510) 879-8535
5  Fax:  (510) 879-1833

6  Attorneys for Defendants
   OAKLAND UNIFIED SCHOOL DISTRICT
7  KIMBERLY STATHAM, and
   JACQUELINE PHILLIPS

8

9                   UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11  JAMES FERGUSON,                    | Case No. C 07-02683 JL

12         Plaintiff,                  | **NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

13      vs.

14  OAKLAND UNIFIED SCHOOL DISTRICT,   | Hearing Date:  Wednesday, November 14, 2007
    KIMBERLY STATHAM, RAMON HONEA,     | Time:  9:30 a.m.
15  JACQUELINE PHILLIPS and DOES 1 – 50, | Place:  Courtroom F, 15th Floor

16         Defendants.

17

18

19

20

21

22

23

24

25

26

**TABLE OF CONTENTS**

I. SUMMARY OF PLAINTIFF'S FACTUAL ALLEGATIONS ...............................................................2

II. LEGAL CLAIMS ATTEMPTED TO BE STATED ........................................................................4

III. ARGUMENT...................................................................................................................................5

    A.   Failure to State Claims .......................................................................................................5

    B.   The District Defendants Move for a More Definite Statement .................................................6

    C.   The First, Second, and Third Causes of Action, for Violation of Title VII and FEHA Cannot be Maintained Because Plaintiff Does Not Sufficiently Allege Exhaustion of His Administrative Remedies.......................................................................................................6

    D.   The Fifth Through Eleventh Causes of Action Fail to Allege Compliance with California's Tort Claims Act and Must be Dismissed. ..................................................................................7

    E.   The First Cause of Action for Discrimination Fails to State Facts Sufficient to Constitute a Claim for Relief .................................................................................................................9

    F.   Plaintiff's First Cause of Action for Violation of State Anti-Discrimination Law Violates the Eleventh Amendment and Must be Dismissed......................................................................10

    G.   Plaintiff's First Cause of Action as to Title VII Must be Dismissed as Against the Individual Defendants Because it May Not be Asserted Against Them in Their Individual Capacities. 11

    H.   The Second Cause of Action for Retaliation Under State and Federal Law Fails to State Any Facts Which, if true, Could Constitute Retaliation .................................................................11

    I.   The Fourth Cause of Action for Violation of 42 U.S.C. §§ 1983, 1985 and 1981 "Against All Defendants" Necessarily Fails..............................................................................................12

    J.   Plaintiff's Fifth and Sixth Causes of Action for Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing Fail as a Matter of Law Because (a) Plaintiff's Employment with the OUSD was Governed by Statute, not by Contract and (b) Breach of the Implied Covenant of Good Faith and Fair Dealing Must be Based on Contract..............13

K.    The Seventh Cause of Action for Defamation Fails for Lack of Sufficient Facts to Support a

Defamation Claim .................................................................................................................15

L.    The Eighth Cause of Action Against OUSD, Statham and Honea for Invasion of Privacy

Fails to State Facts Sufficient to Survive this Motion ...........................................................15

M.    The Ninth Cause of Action For Intentional Infliction Of Emotional Distress Fails.................16

N.    The Tenth Cause of Action For Negligent Infliction of Emotional Distress Cannot Survive. .17

O.    Plaintiff's Eleventh Cause of Action for Violation of California's Unruh Civil Rights Act Fails.

.............................................................................................................................................18

IV. CONCLUSION..............................................................................................................................19

1

**TABLE OF AUTHORITIES**

2

**Cases - Federal**

3

*Belanger v. Madera Unified School Dist.,* 963 F.2d 248 (9th Cir. 1992) ........................................9, 12

4

*Boreta v. Kirby,* 328 F.Supp. 670 (ND Cal. 1971) ...........................................................................12

5

*C.N. v. Wolf,* 410 F.Supp.2d 894 (C.D.Cal. 2005) .........................................................................10

6

*Doe v. Petaluma City School Dist.,* 949 F.Supp. 1415 (N.D.Cal. 1996)..............................................8

7

*Flesch v. Eastern Penn. Psychiatric Institute,* 434 F. Supp. 963 (ED Pa 1977)...............................12

8

*Gilbreath v. Cutter Biological, Inc.,* 931 F.2[nd] 1320 (9th Cir. 1991) ....................................................10

9

*Jane Doe v. Petaluma City School District,* 830 F.Supp. 1560 (N.D.Cal. 1993) ................................8

10

*Levine v. Diamanthuset, Inc.,* 950 F.2d 1478 (9th Cir. 1991)................................................................5

11

*Miller v. Maxwell Int'l.,* 991 F.2d 583 (9th Cir. 1993) ................................................................10, 13

12

*Orvando v. City of Los Angeles,* 92 F.Supp.2d 1011 (C.D.Cal. 2000) ................................................8

13

*Parrino v. FHP, Inc.,* 146 F.3d 699 (9th Cir. 1999)..........................................................................5

14

*Patterson v. McLean Credit Union* 491 U.S. 164 (1989).....................................................................6

15

*Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89 (1984) .............................................10

16

*Van Dyke Ford, Inc. v. Ford Motor Co.,* 399 F.Supp. 277 (E.D.Wis. 1975) .......................................6

17

*Weathers v. West Yuma County School Dist.,* 387 F. Supp. 552 (DC Colo. 1974) ..........................12

18

*Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989) .......................................................12

19

**Cases - State**

20

*Alcorn v. Anbro Engineering, Inc.,* 2 Cal.3d 493 (1970)...................................................................18

21

*Butterworth v. Boyd,* 12 Cal.2d 140 (1938) ................................................................................13

22

*Creason v. Department of Health Services,* 18 Cal.4th 623, 630 (1998) ............................................9

23

*Curran v. Mt. Diablo Council of the Boy Scouts,* 17 Cal.4[th] 670 (1998) ...........................................18

24

*Foley v. Interactive Data Corp,* 47 Cal.3d 654 (1988)...............................................................13, 14

25

*Forbes v. County of San Bernardino,* 101 Cal.App.4th 48, 53 (2002).................................................8

26

*Gatto v. County of Sonoma,* 98 Cal.App.4[th] 744 (2002)....................................................................7

1   *Grimes v. Carter*, 241 Cal.App.2d 694 (1966).................................................................15

2   *Haggis v. City of Los Angeles,* 22 Cal.4th 490 (2000) ......................................................9

3   *Hessians Motorcycle Club v. J.C Flanagan's,* 86 Cal.App.4th 833 (2001)........................18

4   *Kemmerer v. County of Fresno,* 200 Cal.App.3d 1426 (1988)...........................................13

5   *Okoli v. Lockheed Technical Operations Co.*, 36 Cal.App.4th 1607 (1995) .........................6

6   *Ringler Associates v. Maryland Cas. Co.*, 80 Cal.App.4th 1165 (2000)............................15

7   *Rojo v. Kliger,* 52 Cal.3rd 65, 77 (1990) .........................................................................18

8   *Schwartz v. Thiele,* 242 Cal.App.2d 799, 804 (1966)........................................................15

9   *Searcy v. Hemet Unified School Dist.,* 177 Cal.App.3d 792 (1986) ....................................9

10  *State of Cal. v. Superior Ct. (Bodde),* 32 Cal.4th 1234 (2004) .......................................7, 9

11  *Williams v. Horvath*, 16 Cal.3d 834, 842 (1976).................................................................8

12  *Zelig v. County of Los Angeles*,  27 Cal.4th 1112, 1127 (2002).........................................9

13  **Statutes - Federal**

14  42 U.S.C. § 1981 ...........................................................................................................4, 11

15  42 U.S.C. § 1985.........................................................................................................11, 12

16  42 U.S.C. § 2000................................................................................................................6

17  Federal Rule of Civil Procedure 12 .....................................................................................5

18  **Statutes - State**

19  Civil Code § 44-46............................................................................................................14

20  Civil Code § 51................................................................................................................17

21  Civil Code § 53................................................................................................................17

22  Government Code § 811..................................................................................................8, 10

23  Government Code § 900.......................................................................................................7

24  Government Code § 945.4....................................................................................................7

25

26

TO PLAINTIFF AND TO THIS HONORABLE COURT:

PLEASE TAKE NOTICE that on November 14, 2007 at 9:30 a.m., or at such other time and/or date as this Court orders, Defendants, Oakland Unified School District, Kimberly Statham, and Jacqueline Phillips (collectively, the "District Defendants"),[1] jointly and severally, will and hereby do move this Court, located at 450 Golden Gate Avenue, 15th Floor, Courtroom F, San Francisco, California 94102, for an order dismissing Plaintiff, James Ferguson's ("Plaintiff") Amended Complaint without leave to amend.

This motion is made pursuant to Federal Rule of Civil Procedure Rules 12(b)(6) and 12(e) on the grounds that each and every Cause of Action set forth in Plaintiff's Amended Complaint ("AC") on file herein fails to state a claim upon which relief can be granted and are so indefinite as to require a more definite statement..  This Motion is based upon this Notice of Motion and Motion, the following Memorandum of Points and Authorities filed in support hereof, and all other records and files relating to this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE DISTRICT DEFENDANTS' MOTION TO DISMISS

Plaintiff is a certificated teacher currently employed by Defendant Oakland Unified School District ("OUSD" or the "District").  The remaining Defendants are individuals.  Dr. Kimberly Statham ("Statham") is the former State Administrator for the District, replaced by Vincent Matthews, Interim State Administrator, in September.  Ramon Honea ("Honea") was an Assistant Principal and Jacqueline Phillips ("Phillips") was a Principal of a school where Plaintiff taught.  (AC ¶¶8, 10, 11.)

As is demonstrated on the face of Plaintiff's Amended Complaint alone, the District has endured nearly a decade of Plaintiff's grievances, complaints, and legal claims in one forum or another.  Now, with this action, Plaintiff adds this federal court to the list of tribunals in which he

---

[1] There is one additional named defendant, Ramon Honea who is not yet served.

1    seeks to litigate the same issues again and again.  The District respectfully requests that the Court

2    reject Plaintiff's unspecified and conclusory pleadings and require him to amend his Complaint,

3    where possible, to state claims upon which relief can be granted.

## I. SUMMARY OF PLAINTIFF'S FACTUAL ALLEGATIONS

5        Plaintiff recites facts that date from 1999 to 2006.[2]  Plaintiff commenced his employment

6    with OUSD in 1992 (AC ¶¶6, 61) and was suspended without pay in November 2006.  (AC. ¶¶58,

7    61.)   Plaintiff's alleged troubles began in 1998 when he, and other faculty members, asked the

8    principal of the school where he was then teaching for a "report on the School Budget." (AC ¶¶16,

9    17.)  After receiving a copy of the school budget in the 1999-2000 school year, Plaintiff and others

10   raised questions about some of the expenditures.  (AC ¶19.)  Plaintiff, the representative on the

11   school site for his teachers' Union (AC ¶20), was appointed by the Union to oversee the

12   implementation of state legislation in numerous District schools.  (AC ¶20.)   Thereafter, Plaintiff

13   registered several complaints about District personnel which allegedly led to the District retaliating

14   against him by eliminating his teaching position.  (AC ¶¶21-23.)  Plaintiff filed grievances and formal

15   complaints in an unsuccessful attempt to regain his position at the school site.    The District

16   subsequently offered Plaintiff an assignment at a different school, Castlemont, which he accepted.

17   (AC ¶¶24-28.)

18       In school years 2000 through 2003, Plaintiff continued pursuing his complaints and

19   communicating with District Board members and State and Federal employees regarding his claim

20   that the District failed to properly implement the legislation.  (AC ¶28)  In 2001, Plaintiff met with the

21   District's Superintendent and other District officials.  During the meeting, Plaintiff and the District

22

23

_____

24   [2] For purposes of this motion, the District Defendants assume Plaintiff's facts are true and therefore
     merely summarize Plaintiff's allegations herein.  In summarizing Plaintiff's allegations, the District
25   Defendants do not concede them to be true.

26

1    discussed the creation of a new position for Plaintiff as a means of resolving his "grievance."  (AC

2    ¶29.)

3         In 2002, Plaintiff, a Physical Education ("PE") teacher, was asked by his Assistant Principal

4    if he would teach two "skills classes."  Plaintiff responded that he would "need to think it over."  (AC

5    ¶31)  Plaintiff also filed a complaint during this time period and requested that the District mediate

6    the complaint. [3]  The district denied Plaintiff's request to mediate.  (AC ¶32.)[4]

7         In August through October 2002, the District changed Plaintiff's teaching assignment several

8    times despite his protests, which, he contends, constituted retaliation against him for his "continued

9    attempts to have the state and federal government officials investigate the facts underlying his

10   Uniform Complaint."  (AC ¶¶33-36.)[5]  In October, Plaintiff claims to have also filed an Unfair

11   Practice Charge against the District and the Union.[6]  (AC ¶37.)  The District did not respond to

12   Plaintiff's Level I Grievance and, in December, the principal gave him a "Notice of Anticipated

13   Consolidation."  (AC ¶38.)  Plaintiff alleges that this "ordeal" caused him stress, and necessitated

14   that he take medical leave for the remainder of the school year.  (AC ¶¶39, 40.)

15        In June 2003, after meeting with an assistant superintendent, the District informed Plaintiff

16   that he was assigned to Cole School.  Plaintiff alleges that the District failed to ask him whether he

17   wanted an assignment change and that he was not given information about other positions that

18   were open.  (AC ¶¶41, 42.)  Plaintiff contends that this constituted a violation of the Collective

19   Bargaining Agreement and was retaliatory.  (*Id.*)  Plaintiff then went on medical leave from October

20   2003 until May of 2004.

21   _____

22   [3] The Amended Complaint uses the term "Uniform Complaint" which refers to a District Board Policy
     for the internal resolution of disputes.

23   [4] It is unclear whether there is more to this part of Plaintiff's tale as the paragraph ends with "Mr.
     Page." (AC ¶ 32)

24   [5] While not alleged clearly the reference is most likely to the District's Uniform Complaint
     Procedures, a Board enacted policy, which is an internal process to resolve disputes.  (*See* AC ¶25)

25

26

In May 2004, Plaintiff returned to Cole (AC ¶43) to teach PE for the 2004-2005 school year. (AC ¶44.)  In August 2005 Plaintiff was transferred (AC ¶45) to Havenscourt Middle School.  (AC ¶46.)  In March 2006, while Plaintiff was restraining a student the student's head struck a wall.  (AC ¶¶ 47, 48.)  This incident led to a confrontation in the principal's office with the student (AC ¶49) and a series of events culminating in Plaintiff being placed on paid administrative leave.  (AC ¶¶ 50-54.)  Plaintiff contends that Defendant Honea engaged in similar conduct with a student but that Honea was not similarly disciplined.  (AC ¶¶55, 56.)

The District and Plaintiff met to discuss the allegations of his misconduct and he was informed by District personnel that he would be suspended without pay effective November 1, 2006. (AC ¶¶57-59.)   In a Notice of Intent to Dismiss and accompanying Statement of Charges, Defendant Statham, in her capacity as State Administrator, accused Plaintiff of engaging in "hate speech."  (AC ¶59.)  Plaintiff "successfully challenged" this action and was returned to the status of administrative leave with pay.  (AC ¶60.)

Plaintiff now seeks to state eleven causes of action against the District and individual defendants.

## II.  LEGAL CLAIMS ATTEMPTED TO BE STATED

The **First**, **Second**, **Third** and **Fourth** causes of action purport to state violations of state and federal anti-discrimination laws.  (Title VII, 42 U.S.C. §§ 1981, 1983, 1985 and California's Fair Employment and Housing Act, Govt. Code §§ 12900 et *seq.* hereinafter "FEHA".) (AC at pp. 13:19; 14:25; 15:24.)  The **Fifth** and **Sixth** causes of action allege state law claims for Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing, respectively.  (AC at pp. 17:2, 18.)  The **Seventh**, **Eighth**, **Ninth** and **Tenth** causes of action allege state law tort claims:  Defamation, Invasion of Privacy, Intentional Infliction of Emotional Distress, and Negligent and Intentional

---

[6] Filed, we assume, with California's Public Employees Relations Board ("PERB"), which has jurisdiction over

1   Infliction of Emotional Distress.  (AC at pp. 17:27; 18:25; 19:12, 26).  The **Eleventh** Cause of Action

2   alleges Violations of the California Unruh Civil Rights Act.  (AC at p. 20:10.)

3      Each of Plaintiff's causes of action is defective for one or more reasons and the Amended

4   Complaint cannot withstand this Motion to Dismiss.  For example, Plaintiff failed to properly allege

5   exhaustion of his administrative remedies as is required to state claims under state and federal anti-

6   discrimination laws.  Thus, his **First**, **Second**, **Third** and **Fourth** causes of action are subject to

7   dismissal.  Similarly, Plaintiff failed to allege compliance with the California Tort Claims Act,

8   requiring the dismissal of the **Fifth, Sixth**, **Seventh**, **Eighth**, **Ninth**, **Tenth** and **Eleventh** causes of

9   action.  Plaintiffs **Fifth** and **Sixth** causes of action require a contract and as there is none, Plaintiff

10   employed by statute as a matter of law, must be dismissed with prejudice.  Finally, the Amended

11   Complaint suffers from such vague and ambiguous pleading throughout that it is nearly, or at times

12   is, unintelligible.  Although Plaintiff may have the right to access this Court to obtain yet another

13   hearing on these issues,[7] he must state facts with sufficient particularity to state a claim for relief.

14   The District Defendants respectfully request that the Court dismiss the Amended Complaint in its

15   entirety.

16                       **III.  ARGUMENT**

17      **A.**     **Failure to State Claims**

18      This Motion to Dismiss, pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b) (6), tests

19   the sufficiency of the Amended Complaint.  Dismissal of an action pursuant to Rule 12(b)(6) is

20   appropriate where it "appears beyond doubt that the plaintiff can prove no set of facts in support of

21   his claim which would entitle him to relief."  *Levine v. Diamanthuset, Inc.*, 950 F.2d 1478, 1482 (9th

22   Cir. 1991).    To survive a Rule 12(b)(6) motion, a complaint must be based on more than

23

24   these claims.

25

26

1  "conclusory allegations of law and unwarranted inferences."  *Parrino v. FHP, Inc.*, 146 F.3d 699,

2  706 (9th Cir. 1999).  Here, even assuming the truth of Plaintiff's allegations, Plaintiff is not entitled to

3  relief and his Amended Complaint must be dismissed.

**B.    The District Defendants Move for a More Definite Statement**

5  Federal Rule of Civil Procedure 12(e) states, "If a pleading to which a responsive pleading is

6  permitted is so vague or ambiguous that a party cannot reasonably be required to frame a

7  responsive pleading, the party may move for a more definite statement before interposing a

8  responsive pleading."  Plaintiff's Amended Complaint fails to clearly assert which "facts" comprise a

9  Cause of Action as against which Defendant.  Although Plaintiff appears to differentiate between

10  defendants in titling his causes of action, he nevertheless refers to "Defendants" in his allegations.

11  Thus, it is impossible for the District Defendants to determine which Defendant allegedly engaged in

12  the tortuous conduct.  The District Defendants respectfully request an order requiring Plaintiff to file

13  a second amended complaint which differentiates between Defendants in each of the respective

14  causes of action so that the District Defendants may reasonably respond to the allegations which

15  arguably apply to each.  *See Van Dyke Ford, Inc. v. Ford Motor Co.*, 399 F.Supp. 277, 284

16  (E.D.Wis. 1975) (Plaintiff may be ordered to specify which plaintiffs and which defendants were

17  involved in each particular claim where charging allegations generally refer to "plaintiffs" and

18  "defendants.").

**C.    The First, Second, and Third Causes of Action, for Violation of Title VII and FEHA Cannot be Maintained Because Plaintiff Does Not Sufficiently Allege Exhaustion of His Administrative Remedies**

21  Both Federal and State law require a Plaintiff to exhaust his administrative remedies before

22  filing a lawsuit alleging violations of Title VII or FEHA, respectively.  42 U.S.C. §§ 2000e-5(b) and (f)

---

24  [7] It appears that Plaintiff has pursued claims against the District on various fronts:  District dispute resolution, Union Grievance, Unfair Labor Practice claim, Workers' Compensation, and a California Department of Labor wage claim.

1  (1); *Patterson v. McLean Credit Union* 491 U.S. 164 (1989).  Failure to file a claim with the

2  administrative agency precludes the maintenance of that claim in a lawsuit.  *See Okoli v. Lockheed*

3  *Technical Operations Co.*, 36 Cal.App.4th 1607, 1613 (1995) (holding plaintiff's failure to file with

4  DFEH was prerequisite to California FEHA suit). In this case, although Plaintiff alleges that he filed

5  a complaint with the EEOC, the Amended Complaint fails to allege exhaustion of his administrative

6  remedy with sufficient specificity.

7         In recognition that he must exhaust his administrative remedies, Plaintiff alleges that he

8  "sought relief from all appropriate administrative agencies" and that he ". . . timely filed a complaint

9  with the EEOC (Equal Opportunity Employment Commission) and received a right to sue letter."[8]

10  (AC at p.3:16-22.)  However, Plaintiff fails to set forth the allegations of his EEOC complaint.  The

11  Amended Complaint does not identify the nature of Plaintiff's EEOC claim(s) or the identity of those

12  persons or entities against whom the EEOC complaint was made.  Thus, there are insufficient facts

13  for this Court to determine whether Plaintiff exhausted his administrative remedies under either

14  Federal or State law as to the claims and Defendants named in this action.  Plaintiff's statement that

15  he has exhausted his administrative remedies is conclusory and must be dismissed.

16

17         **D.    The Fifth Through Eleventh Causes of Action Fail to Allege Compliance with
              California's Tort Claims Act and Must be Dismissed.**

18         To state a claim against a public entity, Plaintiff must satisfy two pleading requirements.

19  First, he must allege compliance with the presentation requirements of the Tort Claims Act.

20  Second, Plaintiff must allege that the District's violation of a mandatory duty resulted in harm.

21  Because Plaintiff has failed to satisfy either requirement, the Fifth through Eleventh causes of action

22  of the Amended Complaint must fail.

23

24  ─────────────────────

25  [8] Because there is an EEOC reference it is unclear whether this allegation is supposed to
    encompass FEHA requirements.

26

1

                1.    <u>Plaintiff has not complied with the Tort Claims Act's presentation requirement.</u>

2          It is well settled California law that a claimant must timely present a claim for money or

3 damages with a governmental entity before he can seek tort damages against the entity in state or

4 federal court.  Cal. Govt. Code § 900 *et seq.* ("Tort Claims Act"); *see also State of Cal. v. Superior*

5 *Ct. (Bodde),* 32 Cal.4th 1234, 1237 (2004).  The presentation requirement of the Tort Claims Act

6 applies to claims brought under the Unruh Act, as well.  *See Gatto v. County of Sonoma,* 98

7 Cal.App.4th 744, 760-764 (2002).  Failure to comply with the Tort Claims Act bars a plaintiff from

8 bringing suit against the public entity.  *Id.* (citing Cal. Govt. Code § 945.4).  The District is a public

9 entity within the meaning of the Tort Claims Act.  Cal. Govt. Code § 811.2 (defining "public entity" as

10 the State, the Regents of University of California, a county, city, <u>district</u>, public authority, public

11 agency, and any other subdivision or public corporation in the State); *see also Jane Doe v.*

12 *Petaluma City School District,* 830 F.Supp. 1560, 1583 (N.D.Cal. 1993) (finding public school

13 district is a "public entity" for purposes of Tort Claims Act), *reconsideration granted on other*

14 *grounds* in *Doe v. Petaluma City School Dist.,* 949 F.Supp. 1415 (N.D.Cal. 1996).  Because OUSD

15 is a public entity, Plaintiff was required to comply with the Tort Claims Act before instituting this suit.

16 His failure to do so is requires this Court to dismiss the Amended Complaint.

17          Plaintiff's Amended Complaint is devoid of any facts which establish either that he presented

18 his claim to the District or that his failure to do so is excused.  In an apparent attempt to meet the

19 presentation requirement, Plaintiff alleged only that he ". . . presented a claim to the School District

20 for the ongoing violations."  (AC ¶13.)  As with his allegations that he exhausted his administrative

21 remedies with the EEOC, Plaintiff's Amended Complaint fails to identify which claims he contends

22 that he presented to the District.  The purpose of the Tort Claims Act is to give notice to the public

23 entity and afford it sufficient information to allow it to investigate and settle the matter.  *See Orvando*

24 *v. City of Los Angeles,* 92 F.Supp.2d 1011 (C.D.Cal. 2000).  Here, Plaintiff denied the District any

25 such opportunity and his Amended Complaint must therefore be dismissed.

26

1

2. <u>Plaintiff failed to identify and allege the breach of a mandatory duty to Plaintiff.</u>

2

3  As with all public entities in California, the District's tort liability is exclusively a creation of

4  statutory law.  Cal. Govt. Code § 815, *et seq.*; *see also Forbes v. County of San Bernardino*, 101

5  Cal.App.4th 48, 53 (2002).   The California Supreme Court describes the Tort Claims Act as

6  "conceived to strictly limit governmental liability" and to confine such liability to "rigidly delineated

7  circumstances."  *Williams v. Horvath*, 16 Cal.3d 834, 842 (1976).  The intent of the Act is to restrict

8  potential governmental liability to statutorily defined circumstances, not to expand liability.  *Zelig v.*

9  *County of Los Angeles*,  27 Cal.4th 1112, 1127 (2002).  Accordingly, "public entities may be held

10  liable only if a statute ... is found declaring them to be liable."  *Id.*; *see also Creason v. Department*

11  *of Health Services,* 18 Cal.4th 623, 630 (1998); *Tolan v. State of Cal.*. 100 Cal.App.3d 980, 986

12  (1979). Therefore, there is no liability under the Act, unless a plaintiff pleads a specific statute which

13  creates a mandatory duty on the part of the public entity defendant.  See *Haggis v. City of Los*

14  *Angeles,* 22 Cal.4th 490, 498-499 (2000); *Searcy v. Hemet Unified School Dist.,* 177 Cal.App.3d

15  792, 802 (1986).  The Amended Complaint does not identify any mandatory duty on the part of the

16  District and similarly does not allege that the District violated a mandatory duty to the Plaintiff.

17  Plaintiff's Fifth through Eleventh causes of action must therefore be dismissed.

18

19  **E.    The First Cause of Action for Discrimination Fails to State Facts Sufficient to Constitute a Claim for Relief**

20  The First Cause of Action, after incorporation of the previous 61 paragraphs, alleges that

21  Plaintiff is an African American, that Defendants are employers, and that "Racial animus is evident"

22  because Honea allegedly said that "'big black men shouldn't be hitting Latino boys.'" (AC ¶67.)

23  Where, what or how "racial animus" is "evident" is left to the imagination.  Moreover, even assuming

24  that "racial animus" is "evident" there is no connection between any racial animus and resultant

25  actions that harmed Plaintiff.  Merely alleging that "racial animus is evident" does not allege facts

26  sufficient state a claim for racial discrimination.

1
2

**F.    Plaintiff's First Cause of Action for Violation of State Anti-Discrimination Law Violates the Eleventh Amendment and Must be Dismissed**

3    Plaintiff's First Cause of Action must be dismissed as to OUSD because the District is

4    immune from suit pursuant to the Eleventh Amendment to the United States Constitution.  *See*

5    *Belanger v. Madera Unified School Dist.,* 963 F.2d 248 (9th Cir. 1992).  Both the Supreme Court and

6    the Ninth Circuit have made clear that the rationale for Eleventh Amendment immunity applies with

7    particular force to state law claims.  *See Gilbreath v. Cutter Biological, Inc.,* 931 F.2[nd] 1320, 1326

8    (9th Cir. 1991) (dismissing state law claims against state defendants on Eleventh Amendment

9    grounds and stating that "it is difficult to think of a greater intrusion on state sovereignty than when

10    federal courts instruct state officials on how to conform their conduct to state law" (quoting

11    *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89 (1984)).

12    The same reasoning applies to the OUSD's employees acting in their official capacities (*i.e.*,

13    the individual Defendants) because, "A suit against a state official in his or her official capacity is not

14    a suit against the official but rather is a suit against the official's office.  As such, it is no different

15    from a suit against the State itself."  *See C.N. v. Wolf,* 410 F.Supp.2d 894, 898 (C.D.Cal. 2005)

16    (internal punctuation and citation omitted).  There can be no doubt that the individual Defendants

17    are sued in their respective official capacities in this action.  Defendant Statham "[a]t all times

18    mentioned . . .was acting within the course and scope of her employment [as State Administrator.]"

19    (AC ¶¶8, 9)   Both of the other individual Defendants, Honea and Phillips, are alleged to be an

20    "Agent and Manager" of OUSD.  (AC ¶¶10, 11)  *See* California Government Code § 811.4 providing

21    that a "public employee" is the employee of a public entity.  Accordingly, Plaintiff's First Cause of

22    Action as to all Defendants must be dismissed pursuant to the immunity afforded by the Eleventh

23    Amendment.

24
25
26

**G.    Plaintiff's First Cause of Action as to Title VII Must be Dismissed as Against the Individual Defendants Because it May Not be Asserted Against Them in Their Individual Capacities.**

Plaintiff asserts claims against all of the District Defendants based on alleged violations of Title VII of the Civil Rights Act, and perhaps California's FEHA.[9]   The law is clear, however, that plaintiffs may not assert a Title VII claim directly against individual Defendants in their individual capacities.  *See Miller v. Maxwell Int'l.,* 991 F.2d 583, 587 (9th Cir. 1993) (persons cannot be held liable for damages in their individual capacities under Title VII).  Thus, Defendants Statham, Honea and Phillips may not be sued in their individual capacities for Title VII violations.  Plaintiff's First Cause of Action is therefore subject to dismissal, or at least a more definite statement, as to Defendants Statham, Honea and Phillips.[10]

**H.    The Second Cause of Action for Retaliation Under State and Federal Law Fails to State Any Facts Which, if true, Could Constitute Retaliation**

The Second Cause of Action alleges that unnamed "school site administrators" who were "agents of defendants" engaged in a "multi-year retaliatory campaign" which included "three involuntary transfers" and "multiple assignment changes" as well as a litany of other claimed bad acts.  (AC ¶72)  Despite Plaintiff's recitation of horribles, he fails to state when these acts occurred, which Defendant is responsible for the alleged retaliatory conduct, and, most importantly, why the action constitutes retaliation.  Moreover, in the very next paragraph, Plaintiff alleges that the "acts above were motivated by racial and gender animus," not the desire to retaliate against Plaintiff.  (AC ¶73.)[11]

---

[9] The title of the Cause of Action references FEHA, but the allegations fail to cite and/or mention FEHA.

[10] Plaintiff, continuing in his confusion as to who is what, alleges that Defendants Honea and Phillips are both "an Agent and a Manager . . ." of OUSD as well as Plaintiff's employer. (AC ¶¶10, 11, 64.)

[11] The obfuscation in the Amended Complaint is everywhere.  For example, in its third paragraph, the Amended Complaint alleges that this action is brought pursuant to the "*Fifth (*due process?) Amendment."   Are Defendants supposed to provide an answer to this question?  We think not.

I.     **The Fourth Cause of Action for Violation of 42 U.S.C. §§ 1983, 1985 and 1981 "Against All Defendants" Necessarily Fails.**

Plaintiff's Fourth Cause of Action asserts a civil action for deprivation of his civil rights under 42 U.S.C. §§ 1981 and 1983 and a conspiracy to interfere with his civil rights pursuant to 42 U.S.C. § 1985.[12]   Plaintiff asserts this Cause of Action against not only the District, but also against the three individual Defendants.   As to Statham, Plaintiff alleges that she was acting as the State Administrator of the District and under the color of state law.   (AC ¶¶8, 9)   As to the other Defendants, Phillips and Honea, Plaintiff alleges they are agents and managers of OUSD.   (AC ¶¶ 10, 11.)   Because neither the District nor its representatives acting in their official capacity are considered "persons" within the meaning of federal civil rights laws, the Fourth Cause of Action must be dismissed.

The Supreme Court has held that neither a State *nor* its officials acting in their official capacities are "persons" under 42 U.S.C. § 1983.  *See Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989)(plaintiff could not maintain Michigan state-court suits under 42 U.S.C. § 1983 against Department of State Police and Director of State Police in his official capacity because defendants were not "persons" within meaning of section 1983.)   California school districts are simply an arm of the *State* of California.  *See Belanger v. Madera Unified School Dis.,* 963 F.2d 248, 250 (9th Cir. 1992)(holding California school district was state agency for purposes of Eleventh Amendment, and was thus immune from suit based on 42 U.S.C. § 1983).   Accordingly, since the District is legally recognized as a part of the State of California, it is not liable as a "person" under 42 U.S.C. § 1983.   The same applies to Statham, Honea, and Phillips, its officials acting in their official capacities.

---

[12] Plaintiff uses the word "conspiracy" without saying more than it was to deprive him of "his constitutional."  (AC ¶83.)  There is not a single fact referenced to support the claim of a conspiracy.

1    The foregoing reasoning applies to Plaintiff's 42 U.S.C. § 1985 claim with equal force.  *See*

2    *Boreta v. Kirby,* 328 F.Supp. 670, 672 (ND Cal. 1971) (State of California not "person" under 42

3    U.S.C. § 1985, and therefore cannot be sued thereunder); *Weathers v. West Yuma County School*

4    *Dist.,* 387 F. Supp. 552, 556 (DC Colo. 1974) (if school district is not "person" within meaning of 42

5    U.S.C. § 1983 for any purpose, then it is also not a "person" under 42 U.S.C. § 1985); *Flesch v.*

6    *Eastern Penn. Psychiatric Institute,* 434 F. Supp. 963, 975 (ED Pa 1977) (word "person" as used in

7    42 U.S.C. § 1985 is subject to same analysis to interpret word "person" in 42 U.S.C. § 1983).

8    Because Defendants herein are not "persons" within the meaning of 42 U.SC. section1983, they are

9    also not "persons" subject to suit under 42 U.S.C. section 1985.

10    Finally, Plaintiff's contention that section 1981 applies to his allegation frankly escapes us.

11    Plaintiff alleges that Defendants, "acting under the color of state law" breached contract between

12    "Defendants" and Plaintiff.  (AC ¶84.)  There is no such contract alleged between the individual

13    Defendants and Plaintiff.  Moreover, even if Plaintiff could maintain a claim for breach of contract

14    (which, as discussed in the following section, he cannot) section 1981 is not implicated by a breach

15    of contract claim.  It is an equal protection/right to contract statute.  Thus, based on the foregoing,

16    Plaintiff's claims for the violation of 42 U.S.C. sections 1983 and 1985 must fail.

17    **J.    Plaintiff's Fifth and Sixth Causes of Action for Breach of Contract and Breach
18         of the Implied Covenant of Good Faith and Fair Dealing Fail as a Matter of Law
           Because (a) Plaintiff's Employment with the OUSD was Governed by Statute,
           not by Contract and (b) Breach of the Implied Covenant of Good Faith and Fair
19         Dealing Must be Based on Contract.**

20    *It is well settled in California that public employment is not held by contract but by
      statute* and that, insofar as the duration of such employment is concerned, no
21    employee has a vested contractual right to continue in employment beyond the time
      or contrary to the terms and conditions *fixed by law.  Miller v. State of California*
22    (1977) 18 Cal.3d 808, 813.  This rule applies at all levels of government: state
      [citation]; county [citation]; charter city [citation]; or special district [citation].

23

24    *Summers v. City of Cathedral City,*  225 Cal.App.3d 1047, 1065 (1990)(emphasis added;

25    certain quotation marks and internal citations omitted).  Indeed, several cases cited by the court in

26

1   *Summers* reinforce the fact that the terms and conditions of a public employee's employment is

2   governed by statute:

3       However, ". . . it is well settled in California that public employment is not held by
        contract but by statute . . . . *Nor is any vested contractual right* conferred on the

4       public employee because he occupies a civil service position since it is equally well
        settled that '[the] terms and conditions of civil service employment are fixed by

5       statute and not by contract.' Indeed, '[the] statutory provisions controlling the terms
        and conditions of civil service employment cannot be circumvented by purported

6       contracts in conflict therewith.  [¶] '"The public employee, thus, *can have no vested
        contractual right in the terms of his or her employment*, such terms being subject to

7       change by the proper statutory authority."

8       *Kemmerer v. County of Fresno,* 200 Cal.App.3d 1426, 1432-1433 (1988)*(e*mphasis added;

9   internal citations omitted); *see also Butterworth v. Boyd* 12 Cal.2d 140, 150 (1938)("It is well settled

10  that public employees have no vested right in any particular measure of compensation or benefits,

11  and that these may be modified or reduced by the proper statutory authority.").

12      Equally well established is the principle that breach of the implied covenant of good faith and

13  fair dealing is a claim arising from contract.  *See Foley v. Interactive Data Corp,* 47 Cal.3d 654, 683-

14  684 (1988).

15      An action to enforce the implied covenant of good faith and fair dealing… is a
        contract action, i.e., one involving "an allegation of breach of an 'ex contractu'

16      obligation, namely one arising out of the contract itself." (47 Cal.3d at pp. 689-690.)
        Accordingly, it [the *Foley* Court] held that "contractual remedies should remain the

17      sole available relief for breach of the implied covenant of good faith and fair dealing
        in the employment context." (Id. at p. 696.) Further, *Foley* reminded us that those

18      contractual remedies are measured by "the benefits of the agreement that [the
        employer and employee] entered into." (Id. at p. 699, fn. 41.) The scope of those

19      remedies is not affected by the motive of the breaching party. (Id. at p. 699.)

20      *Summers, supra*, 225 Cal.App.3d at 1059.

21      The foregoing makes clear that as Plaintiff's employment was governed by *statute* (not

22  contract), he cannot assert a breach of the implied covenant of good faith and fair dealing against

23  the District.  Because Plaintiff did not have a contract with the District there were no implied

24  contractual terms, including the implied covenant of good faith and fair dealing.  *See Id.*  Because

25  Plaintiff's statutory public employment relationship is incompatible with a contractual claim for the

26

1  breach of the implied covenant of good faith and fair dealing, his Fifth and Sixth causes of action

2  necessarily fail as a matter of law.

### K.    The Seventh Cause of Action for Defamation Fails for Lack of Sufficient Facts to Support a Defamation Claim

5  Defamation is the invasion of the interest in reputation. Cal Civ. Code § 45.  The statement,

6  to be actionable, must be "false and unprivileged."  *Id.*  Libel and Slander are different forms of

7  Defamation, one written, the other oral.  Cal. Civ. Code §§ 44-46.  Plaintiff fails to specify which

8  alleged statement was false and further fails to allege that Defendants published a false statement

9  to some one who believed it to be true.  Plaintiff's Seventh Cause of Action is so vague and

10 indefinite that it is impossible for the District Defendants to frame a responsive pleading.

11 For example, as to Defendant Honea, Plaintiff alleges merely that he made "false

12 statements of fact . . ." (AC ¶94.)  Defendant Stratham is similarly alleged to have "repeated the

13 false allegations in the Statement of Charges . . .."  (AC ¶95.)  In neither of the afore-cited

14 paragraphs does Plaintiff identify the allegedly false statement or the recipients who believed it

15 (them) to be true.  Rather, in the following paragraph, Plaintiff sets forth several statements and

16 identifies them as "the false statements of fact described herein." (AC ¶96.)

17 To be actionable, defamation must be published – that is, the statement must be

18 communicated to a third person who understands its defamatory meaning and its application to the

19 plaintiff.  *Ringler Associates v. Maryland Cas. Co.*, 80 Cal.App.4[th] 1165, 1179 (2000).   Plaintiff's

20 Amended Complaint is devoid of any allegation that meets this requirement.

21 Finally, Plaintiff fails to specify whether the alleged defamatory statements are written or

22 oral, and thus it is unclear as to whether the claim is for libel or for slander.

### L.    The Eighth Cause of Action Against OUSD, Statham and Honea for Invasion of Privacy Fails to State Facts Sufficient to Survive this Motion

25 Plaintiff identifies the Eighth Cause of Action as one for "Invasion of Privacy – False Light."

26 (AC at p. 18:25.)  The right of privacy, a claim under California state law, is violated only by a non-

---

1   oral public disclosure.  *Schwartz v. Thiele,* 242 Cal.App.2d 799, 804 (1966); *Grimes v. Carter*, 241

2   Cal.App.2d 694, 698 (1966).  Plaintiff's Invasion of Privacy claim fails not only because he failed to

3   present it to the District as required by the Tort Claims Act,  as discussed, *supra*, but it also falls far

4   short of meeting the pleading requirements.

5       Plaintiff alleges that Honea and Statham made "untrue statements . .  as set forth above"

6   "that would be highly offensive to a reasonable person."  (AC ¶99.)  Plaintiff's Amended complaint

7   affords no clue as to which statements are "highly offensive."  Instead, the District Defendants are

8   left to guess as to which statement in the 97 preceding paragraphs Plaintiff makes reference.

9   Moreover, Plaintiff does not allege that the statements (whatever they may be) were offensive to

10  him.

11      Similarly, to state a claim for "False Light," Plaintiff must allege that the statement was made

12  publicly.  Restatement 2d Torts § 652E.  Because Plaintiff fails to identify the statements which he

13  contends are actionable, the Court cannot determine whether the statements meet the pleading

14  requirement of "highly objectionable publicity."  *Id.* Comment b.  Accordingly, Plaintiff's Eighth

15  Cause of Action must be dismissed for failure to plead it with sufficient certainty.

16

17      **M.    The Ninth Cause of Action For Intentional Infliction Of Emotional Distress
            Fails.**

18      Plaintiff's Ninth Cause of Action for intentional infliction of emotional distress ("Intentional

19  Infliction") simply refers to his "foregoing paragraphs," claiming that said conduct "was extreme,

20  unreasonable and outrageous."  (AC, ¶103.)  Plaintiff's generalized pleading fails to differentiate

21  between any of the Defendants and it fails to identify the actual purported wrongful conduct giving

22  rise to this Cause of Action.

23      The elements of the tort of Intentional Infliction are (1) extreme and outrageous conduct by

24  the defendant with the intention of causing, or reckless disregard of the probability of causing,

25  emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual

26  and proximate causation of the emotional distress by the defendant's outrageous conduct.  *See*

1    *Potter v. Firestone Tire & Rubber Co.,* 6 Cal.4ᵗʰ 965, 1001 (1993).  "Outrageous" conduct is that

2    which is so extreme that it exceeds all bounds of that usually tolerated in a civilized community.

3    *See Id.*  Here, as a matter of law, it cannot be said that the District Defendants' actions were so

4    outrageous as to exceed all bounds of that usually tolerated in a civilized community.

5            In addition, no Intentional Infliction claim lies against OUSD because public entity tort liability

6    in California is exclusively a creation of statutory law as set forth in the Tort Claims Act.  (*See*

7    *discussion supra,* section C.)  As Plaintiff has failed to cite any statute authorizing a claim for

8    Intentional Infliction against a public entity, this claim fails.

9
            **N.    The Tenth Cause of Action For Negligent Infliction of Emotional Distress
10                  Cannot Survive.**

11           In its decisions addressing the direct victim theory of negligent infliction of emotional distress

12   ("Negligent Infliction"), the California Supreme Court has emphasized that "there is no independent

13   tort of negligent infliction of emotional distress."  *Potter v. Firestone Tire & Rubber Co.*, 6 Cal.4ᵗʰ at

14   984.  Instead, "[t]he tort is negligence, a Cause of Action in which duty to the plaintiff is an essential

15   element."  *Id.* at 984.  However, "there is no duty to avoid negligently causing emotional distress to

16   another."  *Id.*  Thus, "unless the defendant has assumed a duty to plaintiff in which the emotional

17   condition of the plaintiff is an object, recovery is available only if the emotional distress arises out of

18   the defendant's breach of some other legal duty and the emotional distress is proximately caused

19   by that breach of duty."  *Id.* at 985.  A legal duty "may be imposed by law, be assumed by the

20   defendant, or exist by virtue of a special relationship."  *Id.* at 985.

21           Here, Plaintiff has failed to plead any legal duty on the part of any of the District Defendants

22   that will support a Negligent Infliction claim.   Plaintiff further fails to plead that the District

23   Defendants assumed a duty or that one exists by virtue of a special relationship.  *See Potter, supra*,

24   at 985.  Plaintiff's bald, conclusory allegations cannot withstand a motion to dismiss.

25

26

1

       **O.**    **Plaintiff's Eleventh Cause of Action for Violation of California's Unruh Civil Rights Act Fails.**

2

3                 Citing California Civil Code §§ 51 and 53,[13] Plaintiff claims that he suffered employment

4 discrimination by the District in violation of the Unruh Civil Rights Act.  (AC p. 20:10-11.)  To state

5 that Plaintiff's allegations in support of this claim are confusing, is a gross understatement.

6 Nonetheless, even with the shotgun approach here, there are insufficient allegations to support an

7 Unruh Act claim.  The Unruh Act does not apply employment discrimination and it does not apply to

8 school districts.

9                 The Unruh Act provides that all persons of California are free and equal, no matter what

10 their sex, race, religion, ancestry, or national origin, disability or medical condition, and are entitled

11 to the full and equal accommodations, advantages, facilities, privileges or services in all business

12 establishments of every kind.  *See* CA Civ. Code § 51.  Plaintiff's Unruh Act claim can only be

13 based on the District's alleged discrimination or other imagined mistreatment of him as an

14 employee of the District.  (AC ¶¶111, 112.)  However, California law is clear, the Unruh Act has no

15 application to employment discrimination.  *See Rojo v. Kliger,* 52 Cal.3rd 65, 77 (1990); *Alcorn v.*

16 *Anbro Engineering, Inc.,* 2 Cal.3d 493, 500 (1970).  Rather, the Unruh Act prohibits business

17 establishments from denying any person access to public accommodations based on protected

18 classifications.  *See Hessians Motorcycle Club v. J.C Flanagan's,* 86 Cal.App.4th 833, 835 (2001).

19 Accordingly, Plaintiff's Fifth Cause of Action must fail because it is based on the District's alleged

20 employment discrimination.

21                 Second, Plaintiff's Eleventh Cause of Action fails because school districts are not "business

22 establishments" within the meaning of the Unruh Act.  *See generally Curran v. Mt. Diablo Council of*

23 *the Boy Scouts,* 17 Cal.4th 670, 698 (1998).  Put simply, the District does not fall within the definition

24

---

25 [13] Plaintiff references the sections, but not the Code itself.

26

1  of a "business establishment" because its attributes and activities demonstrate that it is not the

2  functional equivalent of a classic place of public accommodation or amusement. *See Id.* at 697.

3  Consequently, Plaintiff's Eleventh Cause of Action must be dismissed without leave to amend.

4  ## IV.  CONCLUSION

5  Based on the foregoing arguments and authorities, the District Defendants respectfully

6  request that the Court dismiss Plaintiff's Amended Complaint.

7

8  Dated:  October 5, 2007                                    DEBORAH A. COOKSEY
                                                            General Counsel
9

10                                                           By:  ___/s/_____
                                                                Martin H. Kresse
11                                                              Attorneys for Defendants OAKLAND
                                                                UNIFIED SCHOOL DISTRICT,
12                                                              JACQUELINE PHILLIPS and KIMBERLY
                                                                STATHAM
13

14  L207012.P001

15

16

17

18

19

20

21

22

23

24

25

26