CHARLES A. BONNER, ESQ.  SB# 85413
A. CABRAL BONNER. ESO. SB# 247528
**LAW OFFICES OF BONNER & BONNER**
1913 BRIDGEWAY
SAUSALITO, CA 94965
TEL: (415) 331-3070
FAX: (415) 331-2738

ATTORNEYS FOR PLAINTIFF
JAMES FERGUSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES FERGUSON,

       Plaintiff,

    v.

OAKLAND UNIFIED SCHOOL
DISTRICT. KIMBERLY STATHAM,
RAMON HONEA, JACQUELINE
PHILLIPS and DOES 1 - 50,

       Defendants.

_____/

Case No:   C 07-02683 JL

**PLAINTIFF'S MEMORANDUM OF
POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS PURSUANT
TO RULE 12(b)(6)**

Hearing Date: November 14, 2007
Hearing Time: 9:30 a.m.
Place: Courtroom F, 15th Floor

**Plaintiff's Opposition to Defendants' Motion to Dismiss**

1

2

# TABLE OF CONTENTS

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. ALLEGATIONS OF THE COMPLAINT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. ARGUMENT

A.    Legal Standards for Rule 12(b)(6) Motions - Plaintiff Has Sufficiently Stated
      Multiple Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

B.    OUSD Moves For A More Definitive Statement    . . . . . . . . . . . . . . . . . . . . . . 3

C.    Plaintiff Has Sufficiently Alleged Exhaustion Of His Administrative Remedies . 3

D.    Plaintiff Has Sufficiently Alleged Compliance With California's Tort Claims Act 4

      1.    Plaintiff's Amended Complaint provides overwhelming facts stating his
            compliance with, or excusing his compliance from, the Tort Claims Act. 4

            a.    Mr. Ferguson's written claim has been presented to OUSD and,
                  based on OUSD's rejection letter, his claim has been deemed to
                  have been rejected . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

            b.    The futility of filing repeated administrative claims with OUSD. 5

            c.    Mr. Ferguson's claim warrants judicial review . . . . . . . . . . . . . . 7

      2.    Plaintiff has identified and alleged Defendants' breach of a mandatory
            duty . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

E.    Plaintiff Has Sufficiently Alleged Discrimination In His First Cause of Action . 7

F.    OUSD Is Not Immune From Plaintiff's First Cause Of Action . . . . . . . . . . . . . . 8

G.    Plaintiff Has Sufficiently Plead Its First Cause Of Action Against The Individual
      Defendants. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

H.    Plaintiff's Second Cause Of Action States Facts Which Constitute Retaliation . . 9

I.    Local School District Officials Are Just That - Local Officials . . . . . . . . . . . . . 9

J.    Plaintiff's Fifth and Sixth Causes Of Action Are Sufficiently Pleaded . . . . . . . 11

      1.    Mr. Ferguson's Employment With OUSD Is Not Governed By Statute . 11

      2.    Mr. Ferguson's Employment With OUSD Is Governed By Contract

            a.    Oral Representations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

            b.    Collective Bargaining Agreement (CBA) . . . . . . . . . . . . . . . . . 13

K.    Plaintiff's Seventh Cause Of Action Is Sufficiently Pleaded . . . . . . . . . . . . . . 13

**Plaintiff's Opposition to Defendants' Motion to Dismiss**                                   i

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

L.    Plaintiff's Eighth Cause Of Action Is Sufficiently Pleaded  . . . . . . . . . . . . . . . . 14

M.    Plaintiff's Ninth Cause Of Action Is Sufficiently Pleaded  . . . . . . . . . . . . . . . . 14

N.    Plaintiff's Tenth Cause Of Action Is Sufficiently Pleaded  . . . . . . . . . . . . . . . . 15

O.    Plaintiff's Eleventh Cause Of Action Is Sufficiently Pleaded . . . . . . . . . . . . . . 15

**Plaintiff's Opposition to Defendants' Motion to Dismiss**                                      ii

1

**TABLE OF AUTHORITIES**

2    *Federal Cases:*

3    *Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . *11*

4    *Carter v. City of Philadelphia, 181 F.3d 339, 342 (3rd Cir. 1999)* . . . . . . . . . . . . . . . . . . . . . . *8*

5    *Colle v. Brazos County, Texas, 981 F2d 237, 243 (5th Cir. 1993)* . . . . . . . . . . . . . . . . . . . . . . *3*

6    *Conley v. Gibson 355 US 41, 45-46, (1957)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*

7    *Dayton Board of Education v. Brinkman, 433 U.S. 406, 410 (1977)* . . . . . . . . . . . . . . . . . . . . *10*

8    *Geary v. Renne, 880 F.2d 1062, 1072 (9th Cir. 1989)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *10*

9    *Gilligan v. Jamco Develop. Corp., 108 F3d 246, 249 (9th Cir. 1997)* . . . . . . . . . . . . . . . . . . . *3*

10    *Honig v. Doe, 484 U.S. 305, 327 (1988)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*

11    *McDade v. West, 223 F.3d 1135, 1139 (9th Cir.2000)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *11*

12    *McMillian v. Monroe County, 520 U.S. 781, 784-785 (1997)* . . . . . . . . . . . . . . . . . . . . . . . . . . *10*

13    *Milliken v. Bradley, 418 U.S. 717, 741-42 (1974)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *10*

14    *Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690-692 (1978)* . . . . . . . . . . . *10*

15    *Pareto v. F.D.I.C., 139 F3d 696, 699 (9th Cir. 1998)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*

16    *Parks School of Business, Inc. v. Symington, 51 F3d 1480, 1484 (9th Cir. 1995)* . . . . . . . . . . *3*

17    *Pitts v. County of Kern, 17 Cal.4th 340, 348 (1998)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *10*

18    *United States v. Redwood City, 640 F2d 963, 966 (9th Cir. 1981).* . . . . . . . . . . . . . . . . . . . . . . *3*

19    *State Cases:*

20    *Coachella Valley Mosquito & Vector Control Dist. v. California Public Employment Relations Bd., 35 Cal.4th 1072, 1080 (2005)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*

21

22    *Jonathan Neil & Assoc v. Jones, 33 Cal.4th 917, 936 (2004)* . . . . . . . . . . . . . . . . . . . . . . . . . *6*

23    *Kemmerer v. County of Fresno, 200 Cal.App.3d 1426 (1988)* . . . . . . . . . . . . . . . . . . . . . . . . . *11*

24    *Kristal v. State Personnel Bd., 50 Cal.App.3d 230, 235-236 (1975)* . . . . . . . . . . . . . . . . . . . . *12*

25    *North Bay Construction, Inc. v. City of Petaluma, 143 Cal.App.4th 552, 557 (2006)* . . . . . . . . *8*

26    *State of Cal. v. Superior Court, 32 Cal.4th.App. 1234, 1244 (2004)* . . . . . . . . . . . . . . . . . . . . *5*

27    *Walker v. Northern San Diego County Hospital Dist., 135 Cal.App.3d 896, 185 (1982)* . . . . . *12*

28    *Wells v. One2One Learning Foundation, 39 Cal.4th 1164, 1198-1200 (2006)* . . . . . . . . . . . . . *11*

**Plaintiff's Opposition to Defendants' Motion to Dismiss**                                   iii

*Williams v. Housing Authority of Los Angeles, 121 Cal.App.4th 708, 723 (2004)* . . . . . . . . . . . 7

*Wright v. State of California, 122 Cal.App.4th 659, 672 (2004)* . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Youngman v. Nevada Irrigation Dist. 70 Cal.2d 240 (1969)* . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**Plaintiff's Opposition to Defendants' Motion to Dismiss**                                    iv

# I.  INTRODUCTION

As demonstrated on the face of Plaintiff James Ferguson**'s** Amended Complaint, over seven years (back to 2000) Plaintiff has sought and exhausted his administrative remedies for Defendants' discriminatory and illegal conduct.  Still, in all that time Defendant Oakland Unified School District ("OUSD") has failed utterly to redress his grievances and has only further injured Plaintiff through neglect, disdain, defamation, and other retaliatory actions aimed at punishing him for speaking out against financial and constitutional violations by OUSD administrators and employees.  After exhausting his administrative remedies, Plaintiff first filed a Complaint, and then an Amended Complaint which lays out, in detail, the specific factual allegations that support each of eleven causes of action against the Defendants.  Defendants, in their Motion to Dismiss, have asserted several arguments in hopes of dodging liability for their illegal conduct.

Therefore, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss.  Where applicable, Plaintiff will amend his Amended Complaint as the Court sees fit.

# II.  ALLEGATIONS OF THE COMPLAINT

Plaintiff filed a complaint in the United States District Court for the Northern District of California on May 21, 2007.  Plaintiff thereafter filed an Amended Complaint with the above-referenced court on August 27, 2007**.**  This action concerns the unlawful, discriminatory, and retaliatory actions of members of OUSD acting under color of State authority against Plaintiff Ferguson during his employment with OUSD.

Plaintiff alleges causes of action for violation of U.S. Civil Rights Laws under Title VII, FEHA, and 42 U.S.C. §§ 1983, 1985, and 1981 - among other relevant state claims.  During his tenure as an employee with OUSD, Defendants discriminated against Plaintiff on the basis of his race and gender, and engaged in a pattern and practice of disparate treatment, including denying him the privileges, terms, and conditions of employment afforded to other employees.  Defendants repeatedly retaliated against Plaintiff for engaging in constitutionally-protected activity.  In so doing, Defendants violated Plaintiff's constitutional rights; his federal rights under Title VII;  FEHA; and state contract and privacy rights, among others.  Specifically, Plaintiff's alleges, among other things: intentional race discrimination; disparate treatment; racial

animus; gender animus; retaliatory action based on Plaintiff engaging in protected activity; failure of employer to intervene to prevent discrimination in the workplace; deprivation of civil rights under the First, Fourth, and Fourteenth Amendments of the US Constitution; violation of 42 U.S.C. § 1985, § 1981, and § 1983; breach of contract; libel; slander; invasion of privacy; and other state claims.  In the face of these allegations, Defendants assert that Plaintiff has not stated facts with sufficient particularity.  Yet, that is precisely the subject of these allegations and of Plaintiff's causes of action.  Each cause of action is supported by and incorporates 60 or more paragraphs of specific factual allegations.

## III.  ARGUMENT

### A.    Legal Standards for Rule 12(b)(6) Motions - Plaintiff Has Sufficiently Stated Multiple Claims.

Federal courts disfavor Rule 12(b)(6) motions, partly because of the lesser role pleadings play in federal practice: "The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted."  *Gilligan v. Jamco Develop. Corp.* (9th Cir. 1997) 108 F3d 246, 249 (internal quotes omitted); *see also, Colle v. Brazos County, Texas* (5th Cir. 1993) 981 F2d 237, 243 (challenges to "bare-bones pleadings" are doomed with respect to an attack based on a failure to state a claim).  A 12(b)(6) dismissal should only be granted in "extraordinary" cases. *United States v. Redwood City* (9th Cir. 1981) 640 F2d 963, 966.

The complaint must be construed in the light most favorable to plaintiff and "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson* (1957) 355 US 41, 45-46, 78 S.Ct. 99, 102; *see also  Parks School of Business, Inc. v. Symington* (9th Cir. 1995) 51 F3d 1480, 1484 (same).  In reviewing a Rule 12(b)(6) motion, the court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them.  *Pareto v. F.D.I.C.* (9th Cir. 1998) 139 F3d 696, 699.

As overwhelmingly evidenced by his Amended Complaint, this brief, and the declarations, facts, and exhibits attached to this brief, Mr. Ferguson has sufficiently stated facts in support of his claim which would entitle him to relief.

**Plaintiff's Opposition to Defendants' Motion to Dismiss**                                    2

1

**B.    OUSD Moves For A More Definitive Statement**

2       Plaintiff has sufficiently plead each Cause of Action.  If the Court finds that a more

3   definitive statement is needed, Plaintiff will amend his complaint to satisfy the Court.

4       **C.    Plaintiff Has Sufficiently Alleged Exhaustion Of His Administrative**
            **Remedies.**

5

6       Plaintiff agrees with Defendants that both Federal and State law require a plaintiff to

7   exhaust his administrative remedies before filing a lawsuit alleging violations of Title VII or

    FEHA, respectively.  42 U.S.C. §§ 2000e-5(b) and (f)(1).  Here, Plaintiff has done so and has

8   indicated how he did it:

9
                "13.    Before invoking the jurisdiction of this Court, Ferguson sought relief
10          from all appropriate administrative agencies.  FERGUSON timely filed a complaint
            with the Equal Employment Opportunity Commission ("EEOC") and received his
11          Right-to-Sue letter from the EEOC on February 21, 2007.  FERGUSON received his
            Notice of the Right-to-Sue letter on or about February 25, 2007.  On or about May
12          21, 2007, Mr. Ferguson presented a claim to the School District for the ongoing
            violations.  OUSD rejected Mr. Ferguson's claim on June 15, 2007."
13
    However, Defendants assert that "[p]laintiff fails to set forth the allegations of his EEOC
14
    complaint." (Defendant's Motion, 7:10).  Defendants cite no case law or statutory authority in
15
    support of their notion that Mr. Ferguson's complaint must include the allegations of the EEOC
16
    complaint, identify the nature of the claim, or identify the persons or entities against whom the
17
    complaint was made.  As Defendants' have recognized, Title VII requires a plaintiff to exhaust
18
    his administrative remedies before filing suit.  That is what is required; that is what Mr. Ferguson
19
    has done.  That Mr. Ferguson did not state facts sufficient for Defendant to understand is
20
    irrelevant.  And if relevant, Defendants cite no authority to support the notion that it is relevant.
21
        In any event, Plaintiff has attached copies of the EEOC and Department of Education
22
    complaint itself, as well as the EEOC Right-to-Sue response letter. (Bonner Declaration Exs. 3 &
23
    4) Mr. Ferguson's complaint to the EEOC contained the same facts and allegations that support
24
    the first, second, and third causes of action in the case at bar: Defendants' discriminated against
25
    Mr. Ferguson on the basis of race in violation of federal law - specifically Title VII.  Mr.
26
    Ferguson sought an administrative remedy for each and every one of these causes of action.
27
    Therefore, there is no justification for dismissal on these grounds.
28

**Plaintiff's Opposition to Defendants' Motion to Dismiss**                              3

1

2

### D.    Plaintiff Has Sufficiently Alleged Compliance With California's Tort Claims Act

3

4

Plaintiff has satisfied the requirements of California's Tort Claims Act by (1) presenting sufficient evidence that his claim against OUSD has been rejected, and (2) that he has identified and alleged Defendants' breach of mandatory duties.

5

6

#### 1.    Plaintiff's Amended Complaint provides overwhelming facts stating his compliance with, or excusing his compliance from, the Tort Claims Act.

7

Mr. Ferguson filed a claim with OUSD and OUSD rejected the claim.

8

9

10

11

12

13

14

15

16

The presentation requirement of Cal. Govt. Code § 900 *et seq.* ("Tort Claims Act") is not so narrowly construed that a Plaintiff may *only* first present a claim for money or damages with a governmental entity prior to seeking tort damages in state or federal court.  California Courts are not so rigid and inflexible.  An attempt to present a claim with a public entity from whom a citizen has complained, grieved, and otherwise attempted to fix an unjust and unlawful situation may be futile (thereby unduly expending a plaintiff's potentially finite and limited time, energy, and financial resources).  In California, therefore, "a plaintiff must allege facts ***demonstrating or excusing*** compliance with the claim presentation requirement." *State of Cal. v. Superior Court, 32 Cal.4th.App. 1234, 1244 (2004)(**emphasis added**).*

17

18

19

20

Plaintiff has not only (a) alleged facts demonstrating compliance with the claims presentation requirement, but (b) even if his previous claim is deemed insufficient, Plaintiff is excused from filing repeated, futile claims with OUSD.  Furthermore, (c) Plaintiff's claim is of such magnitude that it warrants judicial review.

21

22

#### a.    Mr. Ferguson's written claim has been presented to OUSD and, based on OUSD's rejection letter, his claim has been deemed to have been rejected.

23

Section 945.4 of the Tort Claims Act provides in part that:

24

25

...no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented ... until a written claim therefore has been presented to the public entity and has been acted upon by the board, ***or has been deemed to have been rejected...***

26

27

28

Moreover, as *clearly* alleged in Plaintiff's Amended Complaint, ***"On or about May 21, 2007, Mr. Ferguson presented a claim to the School District for the ongoing violations. OUSD rejected Mr. Ferguson's claim on June 15, 2007."*** (Bonner Declaration Exs. 1 & 2) Mr.

**Plaintiff's Opposition to Defendants' Motion to Dismiss**                                             4

1  Ferguson's claim with OUSD contained the *exact* same allegations and causes of action

2  presented in his complaint in this case.  Not only did Mr. Ferguson file a claim with OUSD over

3  the same issues and actions, but OUSD rejected his claim.

4      That OUSD comes now before the court claiming that Mr. Ferguson's Amended

5  Complaint is "devoid of facts which establish ...that he presented his claim" to OUSD is

6  incredible.  Especially considering that Michael L. Smith (Associate Counsel for OUSD) is

7  identified on both the June 15, 2007 rejection letter and Defendants 12(b)(6) motion.

8      **b.    The futility of filing repeated administrative claims with OUSD.**

9      Even if Mr. Ferguson's claim against OUSD were somehow deemed insufficient, the

10  U.S. Supreme Court and California Supreme Court do not require that plaintiffs continue to

11  make futile efforts to present a claim in order to satisfy presentation requirements.  *(See Honig v.*

12  *Doe, 484 U.S. 305, 327)(1988)*(recognizing that a party "may bypass the administrative process

13  where exhaustion would be futile or inadequate); *see also Coachella Valley Mosquito & Vector*

14  *Control Dist. v. California Public Employment Relations Bd., 35 Cal.4th 1072, 1080 (2005)*(The

15  doctrine requiring exhaustion of administrative remedies is subject to exceptions...[u]nder one of

16  these exceptions, "[f]ailure to exhaust administrative remedies is excused if it is clear that

17  exhaustion would be futile.")(Citing *Jonathan Neil & Assoc v. Jones, 33 Cal.4th 917, 936* and

18  *Honig supra)*.

19      In this case, for a period of over seven years, between 2000-07, Mr. Ferguson sought

20  relief by filing grievances, attending meetings, and attempting mediation in attempts to resolve

21  and mitigate the damages resulting from Defendants' actions which are at issue in this case.

22  (Ferguson Dec., ¶¶ 6-9).  Plaintiff's Amended Complaint clearly and unequivocally states such.

23  (See Plaintiff's Amended Complaint ¶¶24, 28, 29, 30, 37, and 38).  Up until this year - 2007 -

24  OUSD has *still* yet to resolve all of his grievances and complaints.  (Ferguson Dec., ¶7) For

25  example, on March 13, 2006 Mr. Ferguson was formally placed on Administrative Leave,

26  ostensibly for an incident involving a student at Havenscourt Middle School. (Bonner

27  Declaration Ex. 5) At that time, OUSD indicated that "[t]he purpose of this leave is to provide

28  the District time to conduct an investigation into allegations of misconduct at Havenscourt

1    Middle School...Leave will remain in effect pending the completion of the District's

2    investigation." *Id.* When Mr, Ferguson filed this suit - May 2007 (over a year later) - OUSD had

3    failed to complete its alleged investigation and Mr. Ferguson remained on Administrative Leave.

4         OUSD has demonstrated a lack of response and a lack of desire to settle or resolve this

5    matter and other issues and incidents which lead up to this lawsuit.  If OUSD takes longer than a

6    year to investigate *one incident*, how long would Mr. Ferguson have to wait for OUSD to

7    investigate and resolve his current claim which includes a pattern and history of discriminatory

8    and retaliatory incidents dating back to 2000?  Based on OUSD's own lack of attention to this

9    matter in the past, and rejection of his most-current claim, filing repeated complaints with OUSD

10   would be futile.  If it is not enough that Plaintiff has already availed himself of OUSD's

11   administrative procedures and been denied, Plaintiff is otherwise excused from further satisfying

12   the presentation requirements of the Tort Claims Act because further attempts would be futile.

13        **c.    Mr. Ferguson's claim warrants judicial review.**

14        The policy behind the "exhaustion doctrine" is that the entity "itself should in the first

15   instance pass on the merits of an individual's application rather than shift the burden to the

16   courts." *Williams v. Housing Authority of Los Angeles, 121 Cal.App.4th 708, 723 (2004).*  Here,

17   OUSD has had multiple opportunities to investigate, evaluate, and analyze Mr. Ferguson's claim

18   and has passed on the merits of his claim.  Additionally, Mr. Ferguson's claim involves

19   retaliation by some of OUSD's highest-ranking employees and OUSD itself.  Making Mr.

20   Ferguson wait for OUSD to scrutinize and investigate its own illegal actions - some of which are

21   connected to financial mismanagement which could cause OUSD to lose federal funding as well

22   as substantial public support - in connection with Mr. Ferguson's employment is not in line with

23   the policy of the exhaustion doctrine whatsoever.  The merits of Mr. Ferguson's claim are

24   substantial and the potential repercussions to OUSD warrant judicial review by the Federal

25   Courts, rather than further, ineffective administrative review by the perpetrator itself.

26        **2.    Plaintiff has identified and alleged Defendants' breach of a mandatory duty**

27        Each cause of action from Fifth through Eleventh of Mr. Ferguson's Amended Complaint

28   incorporates causes of action one through four, thereby identifying and alleging a mandatory

**Plaintiff's Opposition to Defendants' Motion to Dismiss**                                    6

1    duty on behalf of OUSD not to violate US Civil Rights Laws, not to retaliate in violation of

2    FEHA and Title VII, and not to discriminate in violation of Title VII and 42 U.S.C. §§1981,

3    1983, and 1985.  Each cause of action from the Fifth through the Eleventh alleges that OUSD did

4    violate these mandatory duties to Mr. Ferguson.

5        Further, Mr. Ferguson's Amended Complaint alleges that OUSD's discriminatory and

6    retaliatory actions are in direct violation of fundamental public policy embedded in the specific

7    above-referenced statutes and/or constitutional provisions.

8    **E.    Plaintiff Has Sufficiently Alleged Discrimination In His First Cause of Action**

9        The court must accept as true all material allegations in the complaint, as well as

10   reasonable inferences to be drawn from them.  *Pareto v. F.D.I.C.* (9th Cir. 1998) 139 F3d 696,

11   699.  Mr. Ferguson's Amended Complaint alleges that Defendant Honea made racial comments

12   about black men - the class to which Mr. Ferguson belongs - evincing Honea's racial animus

13   towards this class.  Plaintiff further alleges that Honea took discriminatory actions against Mr.

14   Ferguson based on this racial animus which lead to Mr. Ferguson's injuries.  That an employer

15   who makes racists comments would harbor racist attitudes that would manifest in racially-

16   motivated actions is a reasonable inference drawn from Mr. Ferguson's material allegations.

17   Therefore, the court must accept Mr. Ferguson's allegations and inferences as true.

18   **F.    OUSD Is Not Immune From Plaintiff's First Cause Of Action**

19        Sovereign immunity against being sued has been waived by California Government

20   Code section 945 (a "public entity may sue and be sued"). *North Bay Construction, Inc. v. City*

21   *of Petaluma, 143 Cal.App.4th 552, 557 (2006).*

22       Governmental liability is limited to exceptions specifically set forth by statute.  *Wright v.*

23   *State of California, 122 Cal.App.4th 659, 672 (2004).*  Such exception exists in California

24   Education Code § 35162 which clearly states: "In the name by which the [school] district is

25   designated the governing board may sue ***and be sued***." (***Emphasis added***) Therefore, OUSD

26   may be sued under California Law. To hold otherwise vitiates the statute and negates the desire,

27   will, and law of Californians as manifest through their legislative representatives.

28       Finally, in *Carter v. City of Philadelphia, 181 F.3d 339, 342 (3rd Cir. 1999)*, the District

**Plaintiff's Opposition to Defendants' Motion to Dismiss**                                    7

1   Court found that Philadelphia's D.A. Office was an arm of the state not subject to suit in federal

2   court. The 5th Circuit reversed, holding that "even if the DA's Office were entitled to sovereign

3   immunity as a state actor during the performance of its prosecutorial functions, such immunity

4   would not extend to the local office administrative, investigative and management functions

5   which underlie this action." *Id* .  Likewise, immunity for California school districts (in this

6   context) does not extend to all of a local school districts' administrative and management

7   functions.  Even if OUSD administrators act as an arm of the state when they perform certain

8   functions - such as implementing state-wide educational initiatives and meeting state-wide

9   student testing goals - in the name of the State, it does not follow that the Eleventh Amendment

10  immunizes administrators' supervision, management or administrative activities.

11      Therefore, Mr. Ferguson's first cause of action must be sustained because California has

12  waived 11th sovereign immunity for school districts, and OUSD's administrative actions

13  regarding Mr. Ferguson were not functions of the district as an arm of the state.

14  **G.    Plaintiff Has Sufficiently Plead Its First Cause Of Action Against The Individual Defendants.**

15      Plaintiff has sufficiently plead its first cause of action against the individual Defendants.

16  If the Court disagrees, Plaintiff is amenable to amending its complaint as needed.

17  **H.    Plaintiff's Second Cause Of Action States Facts Which Constitute Retaliation**

18      Defendant asserts that Plaintiff has failed to state when certain acts occurred, which

19  Defendant is responsible for certain conduct, and why the action constitutes retaliation.

20  Plaintiff's Amended Complaint names Does 1-50 precisely because it is OUSD and the other

21  Defendants who know the details about which Defendant did which conduct behind closed

22  doors.  Plaintiff has alleged facts based on his knowledge, facts, belief, and reasonable

23  assumptions to be drawn therefrom.  Further, contrary to Defendants' assertions, Plaintiff *clearly*

24  identifies why Defendants' actions constitute retaliation: Plaintiff was drawing attention to

25  financial mismanagement, angering school and district administrators, resulting in what

26  Defendants call a "litany" of bad acts towards a teacher - Mr. Ferguson - who had an otherwise

27  spotless record. (See Plaintiff's Amended Complaint ¶¶71-76.)

28

**Plaintiff's Opposition to Defendants' Motion to Dismiss**                                    8

1    Defendant asserts that Plaintiff has alleged that Defendants' illegal actions were

2    motivated by racial and gender animus, not the desire to retaliate. On the contrary, the Amended

3    Complaint makes *no* such allegation whatsoever.  Plaintiff repeatedly alleges that Defendants'

4    actions were motivated by racial and gender animus *as well as* the desire to retaliate.  Defendant

5    fails in seeking to re-write Plaintiff's Amended Complaint to suit Defendants' argument.

6    **I.    Local School District Officials Are Just That - Local Officials**

7    Defendants assert that State officials acting in their official capacities are not "persons"

8    under 42 U.S.C. § 1983.  This may be true for State officials. However, local school district

9    officials are rightfully identified as local officials who do qualify as persons under § 1983.  The

10   California Supreme Court has held that "local officers sued in their official capacity are

11   themselves "persons" for purposes of section 1983." *Venegas v. County of Los Angeles [32*

12   *Cal.4th 820, 829 (2004)*; citing *McMillian v. Monroe County, 520 U.S. 781, 784-785 (1997);*

13   *Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690-692 (1978); see Pitts v.*

14   *County of Kern, 17 Cal.4th 340, 348 (1998); County of Los Angeles v. Superior Court, 68*

15   *Cal.App.4th 1166, 1171 (1998).*

16   OUSD officials, such as the individual defendants named in this case, are local officials -

17   not state officials.  Although Defendant might be correct in asserting that OUSD itself is a state-

18   run entity, it does not follow that OUSD officials are state officials.  School Principals such as

19   Defendants Honea and Phillips, who act as managers and agents of a school district, are local

20   officials who are accountable to local school boards:

21        "No simple tradition in public education is more deeply rooted than local control
          over the operation of schools; local autonomy has long been thought essential both
22        to the maintenance of community concern and support for public schools and to the
          quality of the educational process." *Geary v. Renne, 880 F.2d 1062, 1072 (9th Cir.*
23        *1989)* citing *Milliken v. Bradley, 418 U.S. 717, 741-42 (1974)*; see also *Dayton*
          *Board of Education v. Brinkman, 433 U.S. 406, 410 (1977)* ([Local authority in
24        educational matters is a] vital national tradition.)

25   Defendants would have the Courts strip all California teachers of their federal rights to be

26   free from employment discrimination since they work for a district which is an arm of the state,

27   despite that they are ultimately accountable to local school boards, not state legislators.  It is the

28   local school board, not the State, that sets policy and holds districts accountable for their actions.

**Plaintiff's Opposition to Defendants' Motion to Dismiss**                                    9

1    According to Defendants, California school districts and school district employees can freely

2    violate § 1983 since they are immune from liability because they are not "persons" under § 1983.

3        However, the Ninth Circuit has repeatedly held that "The purpose of § 1983 is to deter

4    state actors from using the badge of their authority to deprive individuals of their federally

5    guaranteed rights." *Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir.2006)*; citing *McDade v.*

6    *West, 223 F.3d 1135, 1139 (9th Cir.2000).*  Granting carte blanche immunity to California's

7    educational administrators from discriminatory, retaliatory, and otherwise illegal acts would

8    directly contradict § 1983's purpose of deterring such conduct.

9        Finally, even in the event that OUSD is not deemed a "person" capable of being sued

10   under 42 U.S.C., the individual Defendants most certainly are "persons" as contemplated by the

11   statute.  In *Wells v. One2One Learning Foundation, (39 Cal.4th 1164, 1198-1200)(2006)* the

12   California Supreme Court held that individuals who operate charter schools, are "persons" and

13   are not exempt from statutory liability "merely because such schools are deemed part of the

14   public school system." Likewise, school principals and administrators, like the individual

15   Defendants in this case, are "persons" and cannot escape liability for illegal and discriminatory

16   acts merely because OUSD schools are deemed part of the state's public school system.

17   **J.**     **Plaintiff's Fifth and Sixth Causes Of Action Are Sufficiently Pleaded**

18       Plaintiff has sufficiently pleaded his Fifth and Sixth contract-based causes of action since

19   (1) Plaintiff is not a "statutory service employees" whose contract is governed by statute, and (2)

20   Plaintiff's employment with OUSD is at least partly governed by the terms and conditions of the

21   Collective Bargaining Agreement and partly by oral representations made to Plaintiff by OUSD.

22       **1.     Mr. Ferguson's Employment With OUSD Is Not Governed By Statute**

23        Defendant cites to *Kemmerer v. County of Fresno, 200 Cal.App.3d 1426 (1988)* for the

24   proposition that the terms and conditions of a public employee's employment is governed by

25   statute, not contract.  This proposition might be true.  However, the *Kemmerer* Court

26   differentiated between "statutory service employees" (who are within the civil service system),

27   and those public employees who were outside of the civil service system.  *Id.* at 1434-35.  Public

28   employees outside the system are not "statutory service employees" and are therefore not limited

1    to the civil service system's statutory mechanisms for redress and/or remedy of grievances. *Id.*

2    To illustrate this distinction, the *Kemmerer* Court cites to *Walker v. Northern San Diego*
3    *County Hospital Dist., 135 Cal.App.3d 896, 185 (1982)* and *Youngman v. Nevada Irrigation*
4    *Dist. 70 Cal.2d 240 (1969).* In *Walker*, the plaintiff was not a statutory service employee.
5    Plaintiff was a nurse who worked for a hospital formed pursuant to the Health & Safety Code.
6    Under the Health & Safety Code, contracts with various professionals are specifically
7    authorized. Therefore, the plaintiff was not a civil service employee. Likewise in *Youngman*,
8    the employee was outside of the civil service system: the employer irrigation district was a
9    public agency with express powers to contract with employees.

10    Like *Walker,* Mr. Ferguson is not a statutory service employee, he is a teacher who
11    worked for a school district formed under the Education Code. Under the Code, contracts with
12    teachers are specifically authorized.[1] All OUSD teachers are *required* to sign an employment
13    contract with OUSD prior to employment; Mr. Ferguson is no exception. (Ferguson Dec., ¶10)
14    The Court in *Kristal v. State Personnel Bd., 50 Cal.App.3d 230, 235-236 (1975)* found:
15

16    Article XXIV, section 4 of the California Constitution *exempts* from the jurisdiction
      of the state civil service system and consequently from the administrative jurisdiction
17    of the State Personnel Board only *'(t)he teaching staff of schools under the*
      *jurisdiction of the Department of Education or the Superintendent of Public*
18    *Instruction'* (Cal.Const., art. XXIV, § 4, subd. (i))(*emphasis added*).

19    OUSD schools are "under the jurisdiction of the Department of Education." (Bonner Dec.
20    Ex. 6) Therefore, the teaching staff of OUSD schools are exempt from the jurisdiction of
21    the state civil service system. Thus, OUSD teachers - like Mr. Ferguson - are not "statutory
22    service employees" or "civil service employees." They are therefore outside of the civil
23    service system and their contracts are not governed by statute, like contracts for civil service
24    (or "statutory service") employees. Therefore, Mr. Ferguson's employment with OUSD is
25    governed by the covenant of good faith and fair dealing as implied in other employment
26

27    ────────────────
      [1] See Cal.Ed.Codes §44666(b)(5)(B)(authorizing performance-based contracts with teachers or groups of
28    teachers); §12500(art.1)(authorizing specific interstate educational personnel contracts for teachers).

**Plaintiff's Opposition to Defendants' Motion to Dismiss**                    11

1    contracts.

2    **2.    Mr. Ferguson's Employment With OUSD Is Governed By Contract**

3         **a.    Oral Representations**

4

5    Over his career, Mr. Ferguson has signed three employment contracts with OUSD.

6    (Ferguson Dec., ¶10) Additionally, OUSD representatives made various oral representations

7    to Mr. Ferguson that OUSD would treat him in a fair and reasonable manner, would not

8    discriminate against him, and would not retaliate against him for speaking out on teachers'

9    behalf. (Ferguson Dec., ¶11) These assurances were important to Mr. Ferguson since he

10   served as an Oakland Educational Association ("OEA") teachers' representative, and was

11   appointed to oversee certain bargaining processes. (See Plaintiff's Amended Complaint, ¶20)

12        **b.    Collective Bargaining Agreement (CBA)**

13   Not only was Mr. Ferguson under an employment contract with OUSD, OUSD

14   teachers like Mr. Ferguson are parties to a CBA (a contract) between teachers, the OEA

15   (Oakland Educational Association) and OUSD.  These CBAs govern issues such as non-

16   discrimination policies and teachers' rights. (Bonner Dec. Ex. 7) Plaintiff's Amended

17   Complaint makes several references to the CBA, and Defendants' violations thereof.

18   (Plaintiff's Amended Complaint, ¶¶34, 41, and 42)  It is well-documented that the

19   employment of OUSD teachers are at least partly governed by the CBA.[2]

20   If Mr. Ferguson's employment with OUSD is governed solely by statute, which it is

21   not, the CBA would have no effect. Are the terms and conditions of the CBA voided based

22   on a teacher's alleged status as a public employee?  We think not.  Mr. Ferguson's contract-

23   based causes of action are properly pleaded since his total employment agreement -

24

25        [2] See "Hidden Teacher Spending Gaps in OUSD" A Special Report by the Education Trust-West, (2005) pp.
26   3 & 25 (Recognizing that OUSD is restricted by tenets in collective bargaining contracts, and teacher contracts affect
     teacher distribution) Available at: www.hiddengap.org/resources/OaklandHiddenGapII.pdf; See also "Oakland teachers
27   planning one-day strike on April 20" Oakland Tribune,  Mar 31, 2006 (reporting on two-year teacher contract conflict).

28

including various oral representations and the CBA - with OUSD governs his employment.

**K.    Plaintiff's Seventh Cause Of Action Is Sufficiently Pleaded**

Defendant alleges that Plaintiff's Amended Complaint does not state enough facts to support a defamation claim.  Plaintiff specifically refers to Defendant Honea and Defendant Statham repeating false allegations, made by students, despite that the student's stories conflicted and there was a lack of investigation into the matter.  Furthermore, Defendant Statham repeated the false allegations in the Statement of Charges.  Therefore, it is clear from the face of the complaint that Defendant Honea committed slander (and perhaps libel as well), and Defendant Statham committed libel (and perhaps slander as well).  Only discovery will bear out the precise liability of each Defendant.

Discovering the precise identity of all of the people Defendants spoke to, or wrote to, will occur during discovery.  However, Plaintiff believes that OUSD officials repeatedly spoke and/or wrote about these false charges against Plaintiff.  (Ferguson Dec., ¶12)  The major problem is that OUSD employees to whom OUSD officials repeated these defamatory statements likely still work for OUSD and would be hesitant to testify and face the same retaliatory actions that Mr. Ferguson faced for speaking out against OUSD.  Still, Mr. Ferguson should be given the opportunity to attempt to discover the identities of such people during discovery.

**L.    Plaintiff's Eighth Cause Of Action Is Sufficiently Pleaded**

Plaintiff has sufficiently plead his Eighth Cause of Action.  If the Court disagrees, Plaintiff will amend his complaint to satisfy the Court.

**M.    Plaintiff's Ninth Cause Of Action Is Sufficiently Pleaded**

Plaintiff has sufficiently plead his Ninth Cause of Action.  This Cause of Action is against "ALL DEFENDANTS" and therefore there is no need to differentiate between Defendants.  Further, *all* of Defendants' conduct was extreme and outrageous, therefore it would be inefficient to repeat 97 paragraphs worth Defendants illegal conduct.  Plaintiff's Amended

Complaint makes clear, by generalizing its pleading, that *all* of the Defendants' conduct in regards to Plaintiff in this matter went beyond the acceptable scope of conduct.

Further, contrary to Defendants' assertions, telling Mr. Ferguson's co-workers and colleagues that he called a student a "faggot" and threw a student against a wall - based on totally unfounded and unsubstantiated  allegations by adolescent teenagers - in total and reckless disregard of the truth of the events is outrageous and extreme.  Also, how can Defendant on the one hand claim that Plaintiff fails to identify the actual purported wrongful conduct giving rise to the cause of action, and in the very next paragraph assert that such conduct was not outrageous? Clearly, by the face of the complaint, Plaintiff has stated sufficient facts to identify the wrongful conduct, or Defendants would not be able to assert that it was not outrageous.  If the Court disagrees, Plaintiff will readily amend his complaint in any way the Court sees fit.

**N.**      **Plaintiff's Tenth Cause Of Action Is Sufficiently Pleaded**

Defendants assert that they cannot be held liable for Negligent Infliction of Emotional Distress unless the emotional distress arises out of Defendants' breach of some legal duty. Plaintiff agrees.  Plaintiff also agrees that a legal duty may be assumed by the defendant.

In the Collective Bargaining Agreement, alluded to several times in Plaintiff's Amended Complaint, OUSD assumes the legal duty (by signing the Agreement) not to discriminate against nor violate teachers' rights.  Further, paragraph 106 of the Amended Complaint clearly pleads a general duty of reasonable care, and the breach thereof, on behalf of Defendants.  Finally, OUSD's oral representations of non-discrimination are part of Mr. Ferguson's total employment agreement and impose upon OUSD an obligation not to discriminate against Mr. Ferguson.  If the Court disagrees, Plaintiff will readily amend his complaint in any way the Court sees fit.

**O.**      **Plaintiff's Eleventh Cause Of Action Is Sufficiently Pleaded**

Paragraph 111 of the Amended Complaint alleges that Defendant Honea made racist remarks regarding an incident similar to the one for which Plaintiff was suspected. Further, Plaintiff alleges that Honea's discriminatory actions with regards to Plaintiff are simply manifestations of this evinced racist attitude.

**Plaintiff's Opposition to Defendants' Motion to Dismiss**                                          14

1    Paragraph 112 alleges that Defendants Phillips and Statham treated Honea differently

2  than they treated Plaintiff for the same action, which is a clear allegation of disparate - unequal -

3  treatment.  Plaintiff has clearly plead that Defendants have discriminated against him, and

4  treated him unequally, on the basis of race in direct violation of the Unruh Civil Rights Act.

5    If the Court disagrees,  Plaintiff will amend his complaint to satisfy the Court.

6  DATED: OCTOBER 25, 2007

7                                    RESPECTFULLY SUBMITTED
                                    LAW OFFICER OF BONNER & BONNER
8

9

10                                  By:_____/s/_____

11                                  A. CABRAL  BONNER
                                    Attorney for Plaintiff
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Plaintiff's Opposition to Defendants' Motion to Dismiss**                          15