1 DEBORAH A. COOKSEY, State Bar No. 118197
MARTIN H. KRESSE, State Bar No. 048132
2 DANIELLE M. HOUCK, State Bar No. 197972
MICHAEL L. SMITH, State Bar No. 217751
3 OAKLAND UNIFIED SCHOOL DISTRICT
1025 Second Avenue, Room 406
4 Oakland, CA  94606
Telephone:  (510) 879-8535
5 Fax:  (510) 879-1833

6 Attorneys for Defendants
OAKLAND UNIFIED SCHOOL DISTRICT,
7 KIMBERLY STATHAM, and JACQUELINE PHILLIPS

8                            UNITED STATES DISTRICT COURT

9                           NORTHERN DISTRICT OF CALIFORNIA

10 | JAMES FERGUSON,                         | Case No. C 07-02683 JL
11 |     Plaintiff,                          | **MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**
12 |     vs.                                 |
13 | OAKLAND UNIFIED SCHOOL DISTRICT,        |
   | KIMBERLY STATHAM, RAMON HONEA,          | Hearing Date:  Wednesday, November 14, 2007
14 | JACQUELINE PHILLIPS and DOES 1 – 50,    | Time:  9:30 a.m.
15 |     Defendants.                         | Place:  Courtroom F, 15th Floor

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1

II. PLAINTIFF'S DECLARATIONS SHOULD BE DISREGARDED BY THIS COURT AS IMPROPER IN FORM AND CONTENT AS WELL AS INAPPROPRIATE IN A RULE 12(b)(6) MOTION .........1

III. PLAINTIFF'S COMPLAINT DOES NOT MEET FEDERAL PLEADING REQUIREMENTS AND MUST BE DISMISSED ........................................................................................................3

    A. Failure to Exhaust His Administrative Remedies Defeats the First through Third and Fifth through Eleventh Causes of Action ............................................................................3

    B. Plaintiff Fails to Allege Sufficient Facts to Support the Claims of the Fifth through Eleventh Causes of Action ................................................................................................5

    C. Plaintiff's First Cause of Action Fails as Discrimination is Not Sufficiently Pleaded and All Defendants are Immune from this Claim Pursuant to the Eleventh Amendment ....................5

    D. Plaintiff's Second Cause of Action for Retaliation Fails ............................................................7

    E. The Contract Based Claims of the Fifth and Sixth Causes of Action Cannot be Maintained ..8

    F. Plaintiff Failed to Allege a Defamation Claim – Seventh Cause of Action ............................10

    G. Plaintiff's Invasion of Privacy Claim Falls – Eighth Cause of Action ....................................10

    H. Plaintiff's Intentional Infliction of Emotional Distress Claim Does Not Survive this Motion – Ninth Cause of Action ........................................................................................................10

    I. Argument Advanced in Support of the Tenth Cause of Action for Negligent Infliction of Emotional Distress is Insufficient ....................................................................................11

    J. Violation of the California Unruh Act Does Not Apply – Eleventh Cause of Action ...............11

IV. CONCLUSION ..................................................................................................................12

# TABLE OF AUTHORITIES

**Cases - Federal**

*Belanger v. Madera Unified School Dis.,* 963 F.2d 248, 250 (9th Cir. 1992) ...................................6

*Faulkner v. Beer,* 564 F.3d 130, 134 (2nd Cir. 2006) ............................................................1

*Global Network Communications, Inc. v. City of New York,* 458 F.3d 150, 154-155 (2nd Cir. 2006)...1

*Lujan v. National Wildlife Federation,* 497 U.S. 871 (1990) ................................................1

**Cases - State**

*Coachella Valley Mosquito & Vector Control Dist. v. California Public Employment Relations Bd.,* 35 Cal.4th 1072 (2005).................................................................................5

*Hill v. City of Long Beach*, 33 Cal.App.4th 1684, 1690 (1995)............................................8

*Kemmerer v. City of Fresno*, 200 Cal.App.3d 1426 (1988) ............................................8, 9

*Kim v. Regents of the University of California*, 80 Cal.App.4th 160, 164 (2000)................................8

*Skelly v. State Personnel Bd.*, 15 Cal.3d 194 (1975) ........................................................8, 9

*Summers v. City of Cathedral City*, 225 Cal.App.3d 1047 (1990).........................................8

*Walker v. Northern San Diego County Hosp. Dist.*, 135 Ca.App.3d 896 (1982) ..............................8

*Wells v. One2One Learning Foundation*, 39 Cal.4th 1164 (2006) ....................................6, 7

**Statutes - State**

Education Code § 12500..............................................................................................9

Education Code § 17604.........................................................................................9, 10

Education Code § 35162.............................................................................................6

Education Code § 44666............................................................................................9

Education Code § 44929.21.......................................................................................10

Education Code § 44932............................................................................................10

Government Code § 3543...........................................................................................9

Government Code § 910.2..........................................................................................4

## I. INTRODUCTION

In Opposition to Defendants' Motion to Dismiss Plaintiff has virtually conceded the validity of the Motion while protesting that the Amended Complaint ("Complaint") is sufficiently plead. It is not.

Plaintiff's concession is most apparent by the filing of two declarations and 63 pages of documents in Opposition. Moreover, Plaintiff simply misstates or misperceives the procedures and law, regarding both the filing of the Opposition as well as the arguments advanced.

## II. PLAINTIFF'S DECLARATIONS SHOULD BE DISREGARDED BY THIS COURT AS IMPROPER IN FORM AND CONTENT AS WELL AS INAPPROPRIATE IN A RULE 12(b)(6) MOTION

A motion pursuant to Rule 12(b)(6) attacks the pleadings. It accepts the pleaded facts as true and usually does not involve the submission of matters outside of the complaint. *Lujan v. National Wildlife Federation,* 497 U.S. 871 (1990). While this motion *may* be converted to a Rule 56 motion for summary judgment, that occurs only when the moving party submits material in making the motion *and* the Court is willing to consider it. *Global Network Communications, Inc. v. City of New York,* 458 F.3d 150, 154-155 (2nd Cir. 2006). However, even in that circumstance, it must be clear from the record that no dispute exists regarding the authenticity or accuracy of the documents. *Faulkner v. Beer,* 564 F.3d 130, 134 (2nd Cir. 2006).

Here, the documents were not submitted by the moving parties and the Defendants dispute the accuracy and authenticity of the documents, which include two declarations. Plaintiff's reliance upon matters outside the Complaint must be viewed as what it is – acknowledgement that the Complaint, standing alone, fails to withstand this motion.

Even if Plaintiff were permitted to submit extrinsic evidence in opposition to this Motion, this Court must disregard Plaintiff's documents because they fail to proffer admissible evidence. The James Ferguson Declaration contains statements made on "information and belief" (Ferguson Declaration at ¶ 12) that show no "information" upon which his "belief" would be "based." Ferguson further states his "understanding" (Ferguson Declaration at ¶ 10) and makes statements as to other

matters without showing any basis for his claim of "personal knowledge." (Ferguson Declaration at ¶ 11)  For example, Ferguson's statements in ¶ 9 regarding the District's conduct are nothing more than Ferguson's speculation and conclusion.  Ferguson's declaration violates Local Rule 7-5(a) and (b)[1] in that his declaration fails to state any basis for statements made on information and belief, rendering the Declaration replete with conclusions.  (*See, e.g.,* Ferguson Declaration at ¶¶. 8, 9 and 11.)

Counsel's Declaration is hardly better.  In fact, in the kindest possible characterization, it is mistaken.  In his declaration, counsel affirmatively states under the penalty of perjury, that he has "personal knowledge" of the facts stated therein.  The Declaration is, in its totality, an attempt to have the Court take evidentiary notice (*i.e.,* not Judicial Notice pursuant to the Federal Rules of Evidence ("FRE" Rule 201.)) of various documents.  Of the documents attached and counsel's declaration, only Exhibit 1, a complaint that appears to have been prepared in counsel's office, and Exhibit 2, a letter addressed to counsel's office, could have *possibly* been (but are not) properly authenticated by counsel.  See FRE Rule 901; Local Rule 7-5(b).  There is no basis whatsoever upon which this Court could determine that counsel has the requisite knowledge to authenticate any of the remaining 5 Exhibits.[2]  Plaintiff's inappropriate attempt to submit inadmissible declarations in support of his opposition must be rejected.

---

[1] Plaintiff's violation of the Local Rules is not limited to evidentiary matters – the Opposition was filed late per Local Rule 7-3(a) and footnotes are in the incorrect font size per Local Rule 3-4(c)(3).
[2] For example, Exhibit 7 purports to be Collective Bargaining Agreements from 1999 and 2005, but the declaration is devoid of any facts which evidence counsel's knowledge of those facts.

## III. PLAINTIFF'S COMPLAINT DOES NOT MEET FEDERAL PLEADING REQUIREMENTS AND MUST BE DISMISSED

**A.    Failure to Exhaust His Administrative Remedies Defeats the First through Third and Fifth through Eleventh Causes of Action**

**1.    Plaintiff's EEOC Charge Does Not Establish Exhaustion of His Administrative Remedy**

To survive this Motion, Plaintiff must plead exhaustion of administrative remedies with specificity. Instead, the complaint, as recited in Plaintiff's Memorandum in Opposition ("Pl. Mem.") at page 3:9-13, contains nothing more than a conclusory allegation that Plaintiff filed an EEOC complaint as well as a non-specific claim with the District. Plaintiff states his claims were "for the ongoing violations." *Id.* In support of his argument that he exhausted his administrative remedies, Plaintiff refers the Court to two documents, one of which is an EEOC complaint dated June 23, 2006 wherein Ferguson complains of a suspension based upon his assault on a student. (Pl. Mem. p. 3:21-25; Exhibit 3 to Bonner Declaration.) Plaintiff contends that the "facts" in the EEOC charge are those upon which the First, Second and Third Causes of Action are based. (Pl. Mem. p. 3:23-25.) However, the Second Cause of Action alleges conduct commencing in 1999, which Plaintiff refers to as a "multi-year retaliatory campaign." (Complaint p. 15:5-11.) In this claim, Plaintiff specifies as acts of retaliation, "three involuntary transfers, multiple assignment changes . . . unfavorable school placements, non-assignment . . . and other disciplinary actions . . ." (*Id.*) Not one of these acts are even mentioned in the EEOC/FEHA charge. (Exhibit 3 Bonner Declaration[3].)

**2.    Plaintiff's Failure to Comply With the California Tort Claims Act**

Plaintiff's Opposition does not require a lengthy supplement to the points set forth in the Motion. Plaintiff himself cites authority that requires him to allege sufficient "facts" to establish compliance or excuse from the Tort Claims Act. (Pl. Mem. P. 4:14-16.) To meet this requirement

---

[3] The Exhibits are, of course, not properly before this Court.

1 Plaintiff relies upon the allegation that he "presented a claim to the School District for the ongoing

2 violations." The Complaint is silent as to what "ongoing violations" were presented or when they

3 allegedly occurred. The most recent date of conduct that gives rise to any possible claim is

4 November 1, 2006. (Complaint p. 12:1-20.) Even if this were the act that Plaintiff presented in his

5 claim, he failed to meet the 6 month requirement within which to file a claim under the Tort Claims

6 Act. See California Government Code § 910.2.

7 As pled in the Complaint, the alleged claim failed to meet the requirements of California

8 Government Code Section 910, which requires claimants to specify the time and place of injury and

9 the names of the public employees causing the alleged injury. Plaintiff's silence on this argument is

10 compelling: Plaintiff completely ignores Defendants' argument that he has failed to allege facts

11 sufficient to put the District on notice, a requirement under the Tort Claims Act. (*See generally,*

12 Defendants' points and authorities in support of this Motion ("Def. Mem.") p. 7-9.) Plaintiff concedes

13 his pleading is defective.

14       3. **Plaintiff's Opposition Fails to Plead Any Facts Excusing His Failure to**

15 **Exhaust His Administrative Remedies**

16 In support of the claim that the filing of "repeated administrative claims" is futile, Plaintiff cites

17 the Court to Plaintiff's conclusory declaration which mentions that he filed unspecified "grievances."

18 Plaintiff further cites to various paragraphs of the Complaint, none of which alleges any occurrence

19 beyond 2002, and to an Exhibit to the Bonner Declaration. (Pl. Mem. P. 5:8-9:3.) Notably, Plaintiff

20 does not contend that he filed a Tort Claim before the one which is attached to the Bonner

21 Declaration as Exhibit 1. This claim was filed on May 21, 2007, the same day that the original

22 Complaint in this action was filed. Even assuming all of Plaintiff's allegations in the Complaint and

23 extrinsic documents are true, Plaintiff has failed to show, and cannot show, he is excused from

24 compliance with the Tort Claims Act.

25 Plaintiff's authorities provide no support for the argument that he is excused from

26 compliance with the Tort Claims Act. For example, in *Coachella Valley Mosquito & Vector Control*

*Dist. v. California Public Employment Relations Bd.,* 35 Cal.4th 1072, 1081 (2005) (Pl. Mem. P. 5:13-18.), the Court held that in order to avail oneself of the excuse the party must show what the agency's ruling would be "on a particular case." There is no such showing here.

### 4. **Plaintiff's Plea for Judicial review as an Excuse for Exhaustion Fails**

As an ultimate prayer, assuming that his other arguments fail, as they should, Plaintiff requests that this Court throw out the California Government Claims Act because the "perpetrator itself" should not conduct an administrative review. (Pl. Mem. p. 6:13-25). Plaintiff fails to cite any authority in support of his plea because there is none. Accordingly, Plaintiff's desperate request fails.

### B. **Plaintiff Fails to Allege Sufficient Facts to Support the Claims of the Fifth through Eleventh Causes of Action**

In his Opposition, Plaintiff contends that he has alleged that Defendants violated a "mandatory duty," including, as to retaliation claims, "the fundamental policy embedded" in the referenced statutes. (Pl. Mem. p. 6:26-7:7) Again, Plaintiff fails to specify what facts support which of his claims. Thus, Plaintiff effectively concedes these causes of action are insufficient to survive this Motion. (Pl. Mem. pp. 8:14-17; 13:20-22; 13:23-14:11; 14:12-22; 14:23-15:5)[4]

### C. **Plaintiff's First Cause of Action Fails as Discrimination is Not Sufficiently Pleaded and All Defendants are Immune from this Claim Pursuant to the Eleventh Amendment**

Plaintiff's contention, as we divine it, is that because named Defendant Honea made a comment that " 'big black men shouldn't be hitting Latino boys' or words to that effect" (whatever that means), the Court should conclude that Honea demonstrated racial animus towards Plaintiff. (Pl. Mem. p. 7:8-17.) How this statement evidences racial animosity is left unstated, as is any connection between Honea and any alleged injury suffered by Plaintiff. Further, the Complaint is

---

[4] Defendants recognize that some of these cited portions contain half-hearted arguments that precede the request to amend.

1  silent as to the approximate date on which this purported statement was made. Plaintiff argues that
2  Honea "took discriminatory actions against him" without providing any factual basis for his
3  conclusory statement. (*Id.*)

4  Finally, moving parties submit that Plaintiff (Pl. Mem. p. 8:14-17.) has not rebutted
5  Defendants' argument that they are immune from suit pursuant to the Eleventh Amendment. (Def.
6  Mem. p. 10:1-23). Specifically, the Ninth Circuit has made clear that California school districts are
7  an arm of the *State* of California. *See Belanger v. Madera Unified School Dis.,* 963 F.2d 248, 250
8  (9th Cir. 1992) (holding California school district was state agency for purposes of Eleventh
9  Amendment, and was thus immune from suit based on 42 U.S.C. § 1983). The Court in *Belanger*
10 noted that although the school district could "sue and be sued" under California Education Code §
11 35162 (as Plaintiff concedes), it was still entitled to Eleventh Amendment immunity. *See Belanger*
12 at 254. Plaintiff's silence regarding *Belanger* speaks volumes about the applicability of the Eleventh
13 Amendment to this matter.

14 Plaintiff cites *Wells v. One2One Learning Foundation*, 39 Cal.4th 1164 (2006) in support of
15 his argument that the District and individual Defendants are subject to suit here. In *One2One* the
16 Court was analyzing the application of the California False Claims Act to a Charter School. The
17 Court specifically held that a charter school was not entitled to the same immunity as a school
18 district precisely because, unlike school districts, charter schools are corporate entities. (*Id.* at
19 1200) The Court also held that, in the context of *One2One*:

20 "Equally beside the point are federal and California decisions holding that California school districts are "arms of the state," and thus enjoy the state's sovereign
21 immunity, under the Eleventh Amendment, from suits in federal court. (E.g., *Belanger, supra,* 963 F.2d 248, 250–251 [civil rights action under 42 U.S.C.A. §
22 1983]; *Kirchmann v. Lake Elsinore Unified School Dist.* (2000) 83 Cal.App.4th 1098, 1100–1102, 1105–1115 [100 Cal. Rptr. 2d 289] [entity with 11th Amend. immunity
23 also enjoys immunity from state court suits under 42 U.S.C. § 1983]; also cf. *U.S. ex rel. Ali v. Daniel, Mann, Johnson* (9th Cir. 2004) 355 F.3d 1140, 1147 [five-pronged
24 "arm of the state" test is appropriate for determining whether government entity enjoys immunity from federal false claims liability under *Stevens*].) (Footnote
25 omitted.) When we decide whether the California Legislature intended a California statute to include or exclude California government entities, we are not concerned
26 with issues of federalism, constitutional or statutory." (*Id.* at 1199.)

In other words, the Court both recognized the validity of the immunity to a federal court proceeding for a school district and that, in the context of a corporate run charter school, the immunity analysis was different, making *One2One* inapplicable to Plaintiff's argument.

### D.     Plaintiff's Second Cause of Action for Retaliation Fails

#### 1.     The Factual Allegations are Insufficient

Plaintiff, in opposition to this part of Defendants' Motion, relied solely upon the Complaint, which does nothing more than allege that Plaintiff engaged in protected activity between 1999 and 2002 that led to retaliatory actions at some unspecified time causing him to "suffer loss of wages, salary and benefits." (Pl. Mem p. 8:17-9:5; Complaint p. 15:1-16.)  Plaintiff inexplicably argues that the Complaint "makes *no* such allegation whatsoever" that illegal actions were motivated by racial and gender animus and does not allege a desire to retaliate (Pl. Mem. p. 9:1-5).  In response to Plaintiff's apparent rejection of the plain language of his own Complaint, Defendants direct the Court's attention to the Complaint itself, as we did in the moving Points and Authorities (Def. Mem. p. 11:11-20), where Plaintiff alleges that "The above acts were motivated by racial and gender animus."  Thus, Plaintiff does not address the moving parties' argument that the retaliation claim is insufficient. (Def. Mem. p. 11:11-20.)

#### 2.     The Individual Defendants are Not "Persons" Amenable to Suit in Their Individual Capacities

The Complaint names the individual Defendants in their individual capacities.  Plaintiff now attempts to overcome this deficiency by his contention that "Local School District Officials Are Just That – Local Officials." (Pl. Mem. p. 9:6.)  He goes on to argue that as local officials they are not protected as a State official would be. (*Id.* At 16-10:8.)  In so doing, he ignores the authorities relied upon by Moving Parties, as well as the allegations that they were acting within the course and scope of their positions in a state agency. (Def. Mem. 12:1-22.)

In *Kim v. Regents of the University of California*, 80 Cal.App.4th 160, 164 (2000), the Court held in dismissing a breach of contract claim "public employment is held not by contract, but by statute." See also *Hill v. City of Long Beach*, 33 Cal.App.4th 1684, 1690 (1995).

### E. The Contract Based Claims of the Fifth and Sixth Causes of Action Cannot be Maintained

Plaintiff makes no effort to deal with the holding in *Summers v. City of Cathedral City*, 225 Cal.App.3d 1047 (1990), which was cited by Defendants. (Def. Mem. p. 13:20-25; 14:12-20.) *Summers* does not *require* that the public employee attempting to bring a contract-based claim be a civil servant; rather, it extends its holding to civil service employees. The fact that public employment is not held by contract "applies *as well* to the civil service employees of Cathedral City." (*Summers* at 1065, emphasis added.) Plaintiff also relies upon matters not found in the Complaint to establish his ability to maintain contract claims. (*See, e.g.,* Pl. Mem. p. 11:13-14; 19-20;[5] 12:6, 9.) As of this point, even with the liberal use of extrinsic material, Plaintiff has not disclosed how "understood conditions" (Complaint p. 17:5-6) are "evidenced by oral representations." (*Id.* 10-11.)

Neither *Kemmerer v. City of Fresno*, 200 Cal.App.3d 1426 (1988) nor *Walker v. Northern San Diego County Hosp. Dist.*, 135 Ca.App.3d 896 (1982) (Pl. Mem. 10:22-11:9) supports an argument that Plaintiff may maintain contract-based actions. Rather, one holds that a city Social Service Department employee is a public employee and thus barred from such a claim (*Kemmerer*) and the other holds that a nurse, who was employed by a local hospital district formed pursuant to California Health & Safety Code sections, was not. *Walker*, 115 Cal.App.2d at 898. As in *Kemmerer,* Plaintiff here has *Skelly*[6] rights[7]. *Kemmerer, supra,* 200 Cal.App.3d at 1431. As noted by the Court in *Kemmerer,* the Health and Safety Code sections at issue in *Walker* specifically

---

[5] Counsel's declaration refers to a website to support his factual assertions.
[6] *Skelly v. State Personnel Bd.*, 15 Cal.3d 194 (1975).

authorized contracts with professionals. *Kemmerer* at 1433-34. Plaintiff does not contend that there is a similar authorization provided for in the California Education Code.

It is unclear whether Plaintiff is contending that he may sue on a breach of the Collective Bargaining Agreement ("CBA") on the facts alleged. (Pl. Mem. 12:12-13:1.) Defendants do not dispute that Plaintiff's employment is governed by the CBA. However, Plaintiff cannot bring an action for a breach of the CBA in this action. Assuming, *arguendo*, that Plaintiff is relying on the CBA between his union and the District, even collective bargaining agreements between school districts and its employees are made pursuant to statute. *See* Cal. Gov. Code § 3543, *et seq.* Although Plaintiff relies on California Education Code §§ 44666(b)(5)(B) and 12500 (s*ee* Pl. Mem., 11:11-12, 11:27-28 n.1), those provisions simply set forth legislative goals (not mandates) and contracts regarding interstate agreements, respectively. In other words, these provisions have nothing to do with the matter at hand.

While Plaintiff's citations to the Education Code are irrelevant to this action, the Education Code does address the District's authority to contract and it explicitly provides that all contracts between a school district and any other person must be approved by the district's governing board. Cal. Educ. Code § 17604. Any contract which is not so approved is invalid:

> Wherever in this code the power to contract is invested in the governing board of the school district or any member thereof, the power may by a majority vote of the board be delegated to its district superintendent, or to any persons that he or she may designate, or if there be no district superintendent then to any other officer or employee of the district that the board may designate. The delegation of power may be limited as to time, money or subject matter or may be a blanket authorization in advance of its exercise, all as the governing board may direct. *However, no contract made pursuant to the delegation and authorization shall be valid or constitute an enforceable obligation against the district unless and until the same shall have been approved or ratified by the governing board, the approval or ratification to be evidenced by a motion of the board duly passed and adopted.* In the event of malfeasance in office, the school district official invested by the governing board with the power of contract shall be personally liable to the school district employing him or her for any and all moneys of the district paid out as a result of the malfeasance.

---

[7] We recognize that there is nothing about whether *Skelly* applies alleged in the complaint, but it does.

1  Cal. Educ. Code § 17604 (emphasis added).

2  Therefore, any alleged contract directly between Plaintiff and the District would be void based on
3  Education Code Section 17604.[8]  At this juncture there are no facts alleged in the Complaint upon
4  which this Court could find that Plaintiff may maintain his two contract actions against OUSD.

5  **F.   Plaintiff Failed to Allege a Defamation Claim – Seventh Cause of Action**

6  Plaintiff persists in keeping the alleged false statements a secret.  Even Plaintiff's
7  unorthodox submission of evidence fails to shed any light on the factual basis for these claims.
8  Defendants' arguments are, in sum and substance, unopposed. (Def. Mem. p. 15:3-22.)  The claim
9  should be dismissed without leave to amend.

10  **G.   Plaintiff's Invasion of Privacy Claim Falls – Eighth Cause of Action**

11  As with his defamation claim, Plaintiff wholly fails to address the arguments advanced by
12  Defendants. (Def. Mem. p. 15:23-16:15.)  Because Plaintiff failed to oppose Defendants' Motion as
13  to his Eighth Casue of Action, the claim should be dismissed without leave to amend.

14
15  **H.   Plaintiff's Intentional Infliction of Emotional Distress Claim Does Not Survive this Motion – Ninth Cause of Action**

16  Plaintiff misperceives Defendants' argument that the Complaint lacks allegations sufficient to
17  meet the "outrageous conduct" pleading requirement.  The Complaint contains insufficient
18  allegations for a number of reasons – not just one.  Plaintiff contends that the claim is sufficiently
19  plead because it is purportedly alleged against "all defendants" and that there is no need to
20  differentiate between them. (Pl. Mem. p. 13:23-28.)  Plaintiff makes the statement, unfettered by
21  common sense, that "*all* of Defendants' conduct was extreme and outrageous." (*Id.* 26-28.)

22
23
---

24  [8] Plaintiff's contention that an enforceable contract exists between him and the District directly could vitiate the statutory protections afforded to teachers in school districts throughout California.  For example, such contracts could allow a school district to contract around the statutory provisions
25  relating to the good cause requirement for dismissal of a permanent teacher (Cal. Educ. Code § 44932) or the March 15th notice requirement for the dismissal of a probationary teacher (Cal. Educ.
26  Code § 44929.21).

Plaintiff argues that inasmuch as the time period of the complaint runs from 1999 to November 2006 and that there are four defendants, his allegations, if true, would rely on a monumental tally of "outrageous conduct." This contention, like much of Plaintiff's Opposition, is one founded on sand and is not sufficient to survive a Motion to Dismiss.

### I.      Argument Advanced in Support of the Tenth Cause of Action for Negligent Infliction of Emotional Distress is Insufficient

Because the CBA is "alluded to several times" in the Complaint, Plaintiff argues that this claim is adequately plead. (Pl. Mem. p. 14:16-17.) Plaintiff also asks the Court to direct its attention to ¶ 106 of the Complaint because it "clearly pleads a general duty of reasonable care." (Pl. Mem. p. 1418-20.) It does not. Rather, it pleads that Defendants' conduct was "negligent" and that they "failed to exercise reasonable care." (Complaint p. 20:2-5.) Plaintiff's statements in Opposition to this Motion are not substitutes for allegations in the Complaint. As pointed out in the moving papers, the allegation of a breach without establishing a duty is insufficient. (Def. Mem. p. 17:9-24.)

### J.      Violation of the California Unruh Act Does Not Apply – Eleventh Cause of Action

As pointed out in the authorities in support of this Motion, the Unruh Act has no application in a case for discrimination in employment. (Def. Mem. p. 18:9-20.) Rather, it provides a remedy for those discriminated against by a business. (*Id.*) Plaintiff's Opposition fails to cite any authority in support of Plaintiff's claim for a violation of the Unruh Act and it must therefore be dismissed without leave to amend.

/////

/////

## IV. CONCLUSION

Based on the foregoing reasons and the authorities cited here, Defendants respectfully request the Court grant its Motion to Dismiss, without leave to amend where appropriate.

Dated: _____, 2007

DEBORAH A. COOKSEY
General Counsel

By: _____
Martin H. Kresse
Attorneys for Defendants Oakland Unified School District, Kimberly Statham and Jacqueline Phillips

L207012.P003