UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES FERGUSON,

    Plaintiff,

v.

OAKLAND UNIFIED SCHOOL DISTRICT, ET AL.,

    Defendants.
_____/

No. C 07-2683   JL

**ORDER GRANTING IN PART MOTION TO DISMISS (Docket # 9)**

## I. Introduction

Defendants filed a motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. A. Catherine Lagarde for Charles A. Bonner, BONNER & BONNER, appeared for Plaintiff. Martin H. Kresse, Oakland City Attorney's Office, appeared for the School District and the individual defendants.

The Court considered the moving and opposing papers and the arguments of counsel and hereby grants the motion as to all claims with the exception of the claims against the School District and the individual defendants acting in their official capacity for discrimination and retaliation under Title VII.

First Cause of action (Discrimination under Title VII and FEHA) - The Title VII claim is dismissed with prejudice as to individual defendants, but retained as to School District

and the individual defendants acting in their official capacity; the claim under California's Fair Employment and Housing Act ("FEHA") is dismissed without prejudice.

Second cause of action (retaliation under Title VII and FEHA) - The retaliation claim under Title VII is retained against the School District and the individual defendants acting in their official capacity; the retaliation claim under FEHA is dismissed without prejudice.

Third Cause of action (discrimination and failure to intervene under Title VII and FEHA) - The Title VII claim is retained with respect to the School District and the individual defendants acting in their official capacity; the FEHA claim is dismissed without prejudice.

Fourth cause of action (violation of 42 U.S.C. § 1983, 1985, 1981) - is dismissed with prejudice as to all defendants.

Fifth cause of action (breach of contract) - is dismissed without prejudice as to all defendants.

Sixth cause of action (breach of the covenant of good faith and fair dealing) - is dismissed without prejudice.

Seventh cause of action (defamation, slander, and libel) - is dismissed without prejudice.

Eighth cause of action (invasion of privacy - false light) - is dismissed without prejudice.

Ninth cause of action (intentional infliction of emotional distress) - is dismissed without prejudice.

Tenth cause of action (negligent infliction of emotional distress) - is dismissed without prejudice.

Eleventh cause of action (violation of the California Unruh Civil Rights Act) (Cal. Civ. Code §52.1 and 52.3) is dismissed without prejudice.

## II. BACKGROUND

Plaintiff is an Oakland Unified School District (OUSD) middle school Physical Education teacher who was disciplined, allegedly for a battery on a student. He alleges in

his complaint filed in this Court that Defendants discriminated against him due to his race and gender, and retaliated against him for asserting his constitutional rights.

He believes that the district retaliated against him because he brought up embarrassing budget anomalies and the principal of King Estates Middle School at the time, a Ms. Jacqueline Philips, wanted to silence and discourage him or at least discredit him. He went to work for the district in 1992 and contends that between 1992 and 1999 had no problems whatever. As soon as he brought up the budget issues and possible misappropriation of school funds, in 1999, his troubles began. In the six years following 1999 and his attempts to uncover the truth about the budget issues at King Estates Middle School, he claims he was involuntarily transferred three times, had his teaching assignment changed without his consent three times in the first three months of a school year, was made to rove between three classrooms, was assigned to a school with no facilities for physical education, filed five grievances only one of which was resolved by the district to his satisfaction and finally was suspended without pay following an incident which he contends was never adequately investigated by the district.

The specific incident that the district argues justified its action against him was his attempt to control an allegedly out of control student. Ferguson claims the student was unruly and boisterous in class, "running around," and that he talked to the student and took his arm, but that the student bounced against a wall two or three times. The district claims he called the student a name and threw him against a wall. Ferguson claims there were three full gym classes of students and one other teacher in the gym at the time of the incident but that the district chose to interview only the misbehaving student and four of his friends. Ferguson claims that he, an African-American man, dealing with a Latino student, was treated differently than an assistant principal, Mr. Honea, a Latino, was treated for dealing in a similar way with an African-American student. (Complaint at 11,14) Defendants deny that any inferences of racial animosity should be drawn from Mr. Honea's comments regarding another African-American teacher, Mr. Rogers, who was accused of striking a

Mexican-American student, specifically that big black men shouldn't be hitting Latino boys. (Reply at 5).

### III. Standard for Dismissal under FRCP 12(b)(6)

Federal courts disfavor Rule 12(b)(6) motions, partly because of the lesser role pleadings play in federal practice: "The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Gilligan v. Jamco Develop. Corp.* (9th Cir. 1997) 108 F3d 246, 249 (internal quotes omitted); see also, *Colle v. Brazos County*, Texas (5th Cir. 1993) 981 F2d 237, 243 (challenges to "bare-bones pleadings" are doomed with respect to an attack based on a failure to state a claim). A 12(b)(6) dismissal should only be granted in "extraordinary" cases. *United States v. Redwood City* (9th Cir. 1981) 640 F2d 963, 966.

The complaint must be construed in the light most favorable to Plaintiff and "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 US 41, 45-46 (1957); see also *Parks School of Business, Inc. v. Symington,* 51 F3d 1480, 1484 (9th Cir. 1995). In reviewing a Rule 12(b)(6) motion, the court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. *Pareto v. F.D.I.C.,* 139 F3d 696, 699 (9th Cir. 1998).

**A. Immunity of state agencies and officials under the Eleventh Amendment**

**1. State agencies are immune from suits in federal court on state law claims.**

**a. State law claims are barred against school districts.**

Any state law claims against a state agency are barred by the Eleventh Amendment. *Hall v. State of Hawaii*, 791 F.2d 759, 761 (9th Cir. 1986) ("Absent a state's unequivocal consent, the Eleventh Amendment bars a federal court from entertaining a suit against the state, or one of its agencies or departments, based on state law."). See also *Partington v. Gedan*, 961 F.2d 852, 865 (9th Cir. 1992)

Plaintiff's civil rights claims under both state and federal law (First, Second, Third and Fourth causes of action) must be dismissed as to OUSD because the District is

immune from suit pursuant to the Eleventh Amendment to the United States Constitution. See *Belanger v. Madera Unified School Dist.*, 963 F.2d 248 (9th Cir. 1992). Both the Supreme Court and the Ninth Circuit have made clear that the rationale for Eleventh Amendment immunity applies with particular force to state law claims. See *Gilbreath v. Cutter Biological, Inc.,* 931 F.2nd 1320, 1326 (9th Cir. 1991) (dismissing state law claims against state defendants on Eleventh Amendment grounds and stating that "it is difficult to think of a greater intrusion on state sovereignty than when federal courts instruct state officials on how to conform their conduct to state law" (quoting *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984)).

Educational entities are immune under the Eleventh Amendment from suit in federal court on state law claims. *Belanger*, 963 F.2d at 250 (California school district was state agency for purposes of Eleventh Amendment, and thus immune from suit based on 42 U.S.C. §1983)

### b. Claims for damages are specifically barred against state agencies.

"[t]he eleventh amendment bars citizen suit against states, institutional arms of the state, and state officials in their official capacity when the relief sought is retrospective in nature, i.e. damages." *Ulaleo v. Paty*, 902 F.2d 1395, 1398 (9th Cir. 1990) (emphasis in original ). "further, if the relief sought is prospective relief against a state official, i.e. injunctions, the relief is allowable." ( *Id.*, italics in original), cited in *C.N. v. Wolf, infra*. There is no claim for injunctive relief in the case at bar (Complaint at 20-21, Amended Complaint at 21).

### c. Individual state employees acting in their official capacity are immune.

The same reasoning applies to the OUSD's employees acting in their official capacities (i.e., the individual Defendants) because, "A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." See *C.N. v. Wolf*, 410 F.Supp.2d 894, 898 (C.D.Cal. 2005) (internal punctuation and citation omitted). There can

be no doubt that the individual Defendants are sued in their respective official capacities in this action. Defendant Statham "[a]t all times mentioned . . .was acting within the course and scope of her employment [as State Administrator.]" (AC ¶¶8, 9) Both of the other individual Defendants, Honea and Phillips, are alleged to be an "Agent and Manager" of OUSD. (AC ¶¶10, 11) See California Government Code § 811.4 providing that a "public employee" is the employee of a public entity.

Plaintiff attempts to argue that "local officials are . . . local officials" and not state actors. He then retreats somewhat from that position and asserts that, that even if the school district can't be sued for violating Plaintiff's civil rights, then the individual defendants, Statham, Honea and Phillips can. He cites *Wells v. One2One Learning Foundation*, 39 Cal.4th 1164, 1198-1200 (2006) for the proposition that operators of a school are "persons" and not immune from statutory liability. However, that case concerned operators of a charter school, a private commercial enterprise distinct from the public school in the case at bar. The court distinguished the charter school operators:

> "Charter school defendants, and their operators, were "persons" subject to suit under the False Claims Act (FCA), and were not exempt from suit under FCA merely because such schools were deemed part of the public school system, for purposes of academics and state funding eligibility, under the Charter Schools Act (CSA); these charter schools were operated, pursuant to the CSA, by nongovernmental entities that were largely independent of management and oversight by the public education bureaucracy, and thus applications of FCA to these charter schools would not undermine state's sovereign educational function"

*Wells v. One2One Learning Foundation* 39 Cal.4th 1164 (2006)

In the case at bar, the district is a public entity, not a private corporation, and therefore is a state agency for purposes of Eleventh Amendment analysis, and its employees immune from suit for claims under state law.

Although a state may waive its eleventh amendment immunity, such a waiver is not to be lightly inferred, *Mills Music, Inc. v. State of Arizona*, 591 F.2d 1278, 1282 (9th Cir.1979), and the test for finding waiver by a state is a stringent one. *Actmedia, Inc. v. Stroh,* 830 F.2d 957, 963 (9th Cir.1986) (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234 (1985)). Such waiver must be "stated by the most express language or by such

overwhelming implications from a written text as will leave no room for any other reasonable construction." Actmedia at 963 ( citing *Edelman v. Jordan*, 415 U.S. 651, 673 (1974); quotation omitted). *Singleton v. University of California*, 1995 WL 16978, *2 (N.D. Cal.1995) (Patel, J.) (Holding that eleventh amendment immunity also applied to California State University). In the case at bar, Defendants asserted the Eleventh Amendment as a defense in response to Plaintiff's First Cause of Action and therefore have not waived its protection.

Accordingly, Plaintiff's First Cause of Action as to all Defendants must be dismissed pursuant to the immunity afforded by the Eleventh Amendment.

**2.    School District and Individuals are Immune from claims under 42 U.S.C. §1981, 1983, 1985**

The Supreme Court has held that neither a State nor its officials acting in their official capacities are "persons" under 42 U.S.C. § 1983. See *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989)(plaintiff could not maintain Michigan state-court suits under 42 U.S.C. § 1983 against Department of State Police and Director of State Police in his official capacity because defendants were not "persons" within meaning of section 1983.) California school districts are simply an arm of the State of California. See *Belanger v. Madera Unified School Dis.*, 963 F.2d 248, 250 (9th Cir. 1992)(holding California school district was state agency for purposes of Eleventh Amendment, and was thus immune from suit based on 42 U.S.C. § 1983). Accordingly, since the District is legally recognized as a part of the State of California, it is not liable as a "person" under 42 U.S.C. § 1983. The same applies to Statham, Honea, and Phillips, its officials acting in their official capacities.

The foregoing reasoning applies to Plaintiff's 42 U.S.C. § 1985 claim with equal force. See *Boreta v. Kirby*, 328 F.Supp. 670, 672 (N.D. Cal. 1971) (State of California not "person" under 42 U.S.C. § 1985, and therefore cannot be sued thereunder); *Weathers v. West Yuma County School Dist.*, 387 F. Supp. 552, 556 (D.Colo. 1974) (if school district is not "person" within meaning of 42 U.S.C. § 1983 for any purpose, then it is also not a "person" under 42 U.S.C. § 1985); *Flesch v. Eastern Penn. Psychiatric Institute,* 434 F. Supp. 963, 975 (E.D. Pa. 1977) (word "person" as used in 42 U.S.C. § 1985 is subject to

same analysis to interpret word "person" in 42 U.S.C. § 1983). Because Defendants are not "persons" within the meaning of 42 U.SC. section1983, they are also not "persons" subject to suit under 42 U.S.C. section 1985.

Finally, Plaintiff's contention that section 1981 applies to his allegations frankly baffles this Court. Plaintiff alleges that Defendants, "acting under the color of state law" breached a contract between "Defendants" and Plaintiff. (AC ¶84.) There is no such contract alleged between the individual Defendants and Plaintiff. Moreover, even if Plaintiff could maintain a claim for breach of contract (which, as discussed in the following section, he cannot) § 1981 is not implicated by a breach of contract claim. It is an equal protection/right to contract statute. Thus, based on the foregoing, Plaintiff's claims for the violation of 42 U.S.C. § 1983 and 1985 must fail.

### 3. School District not immune from claims under Title VII

In 1972 Congress amended Title VII specifically to subject states and their subdivisions to Title VII actions for unlawful discrimination. See 42 U.S.C. § 2000e(a); *Fitzpatrick v. Bitzer*, 427 U.S. 445, 449-450 (1976). The Supreme Court subsequently considered whether the Eleventh Amendment protects states, their subdivisions, and their officers from suit under Title VII despite the 1972 amendments. In *Fitzpatrick v. Bitzer*, the Supreme Court reasoned that section 5 of the Fourteenth Amendment authorizing Congress to enact legislation implementing the Fourteenth Amendment authorized Congress to enact Title VII. *Id.* at 456-57. The Court then held that the Eleventh Amendment does not protect states, their subdivisions, or their officers from Title VII suits *Sosa v. Hiraoka,* 920 F.2d 1451, 1461 (9th Cir.1990)

In a case in this district, with claims similar to Plaintiff's, the court dismissed the plaintiff's claims under the Civil Rights Act, but found no immunity for the district for claims under Title VII. *Carmen v. San Francisco Unified School Dist.* 982 F.Supp. 1396 (N.D.Cal. 1997).

**4.    Individual Defendants are immune from claims under Title VII only in their personal capacity.**

It is well-settled that employees cannot be held liable under Title VII in their personal capacity. See *Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 587 (9th Cir.1993), cert. denied, 510 U.S. 1109, (1994); *Ortez v. Washington County*, 88 F.3d 804, 808 (9th Cir.1996); accord *Greenlaw v. Garrett*, 59 F.3d 994, 1001 (9th Cir.1995), cert. denied, 519 U.S. 836 (1996). However, as discussed above, in their official capacity, they are in the same position as the School District and therefore not immune from claims under Title VII.

### Conclusion

Accordingly, all Plaintiff's claims are dismissed, pursuant to Rule 12(b)(6), Federal Rule of Civil Procedure, with the exception of the claims against the School District and the individual defendants acting in their official capacity for discrimination and retaliation under Title VII.

IT IS SO ORDERED.

DATED: January 25, 2008

_____
James Larson
Chief Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIVIL\07-2683\Order-GIP-9.wpd